**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY JOSEPH, and GLENN McMILLAN, | ) | |
| individually, and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  14 cv 3866 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| a North Carolina limited liability company, | ) | |
| LEBANON SEABOARD CORPORATION, | ) | |
| a Pennsylvania corporation, and | ) | |
| OLDCASTLE LAWN & GARDEN, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

# <u>NATIONWIDE CLASS ACTION COMPLAINT</u>

Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 Telephone
(312) 440-4180 Facsimile
www.attorneyzim.com

*Counsel for the Plaintiffs and Class*

## Table of Contents

Nature of the Case.............................................................................................................3

Jurisdiction and Venue.....................................................................................................4

The Parties ......................................................................................................................4

**Background and Factual Allegations**

Premium Mulch .................................................................................................................5

Preen Mulch .....................................................................................................................7

Oldcastle Mulch ...............................................................................................................8

Lowe's Additional Misconduct.........................................................................................9

Facts Relating to Plaintiffs.............................................................................................10

**Claims for Relief Against Defendants LSC and Oldcastle**

Count I – Fraudulent Misrepresentation .......................................................................12

Count III – Unjust Enrichment .......................................................................................22

Count V – Violation of the Consumer Fraud and Deceptive Trade
Practices Acts of the Various States and District of Columbia ......................................32

**Claims for Relief Against Defendant Lowe's**

Count II – Fraudulent Misrepresentation.......................................................................17

Count IV – Unjust Enrichment .......................................................................................27

Count VI – Violation of the Consumer Fraud and Deceptive Trade
Practices Acts of the Various States and District of Columbia ......................................40

Count VII – Violation of the California False Advertising Law,
Cal. Bus. & Prof. Code § 17500 *et seq.* ......................................................................49

Count VIII – Breach of Contract ....................................................................................53

NOW COME Plaintiffs Amy Joseph and Glenn McMillan (collectively, "Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and complain of Defendants Lowe's Home Centers, LLC, Lebanon Seaboard Corporation, and Oldcastle Lawn & Garden, Inc. (collectively, "Defendants"), as follows:

<u>**Nature of the Case**</u>

1.      Plaintiffs bring this action individually and on behalf of the proposed classes, as more fully defined below (collectively, or individually or in various combinations as appropriate, referred to herein as the "Class"), of similarly situated consumers throughout the United States to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper advertising, sales, and marketing practices that Defendants continue to engage in regarding the quantity of mulch contained in each bag sold by Defendants.

2.      Defendants advertise, market, and sell various proprietary and third-party brands of mulch in many home improvement retail stores nationwide.

3.      Defendants represent—via product packaging, in-store, print, television, and Internet-based advertising—that the various brands of mulch they sell come in bags that contain two (2) cubic feet of mulch.  However, these bags contain substantially and materially less than two (2) cubic feet of mulch.

4.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, entities, and consumers throughout the United States to halt the dissemination of these false and misleading advertising messages, correct the false and misleading perception they have created in the minds of purchasers, and to obtain redress for those who have purchased Defendants' offending mulch products, as described herein.

## Jurisdiction and Venue

5.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). The proposed Class involves more than 100 individuals. A member of the proposed Class is a citizen of a state different from at least one Defendant, and the amount of controversy, in the aggregate, exceeds the sum of $5,000,000 exclusive of interest and costs.

6.  Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## The Parties

7.  Plaintiff Amy Joseph ("Joseph") is, and at all times relevant to this action has been, a resident of Illinois and, thus, is a citizen of Illinois.

8.  Plaintiff Glenn McMillan ("McMillan") is, and at all times relevant to this action has been, a resident of California and, thus, is a citizen of California.

9.  Defendant Lebanon Seaboard Corporation ("LSC") is a Pennsylvania corporation that has its principal place of business in Lebanon, Pennsylvania. LSC, therefore, is a citizen of Pennsylvania. LSC advertises, markets, and sells its own proprietary brands of mulch, including "Preen Mulch Plus" (hereinafter, "Preen Mulch"), to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

10. Defendant Oldcastle Lawn & Garden, Inc. ("Oldcastle") is a Delaware corporation that has its principal place of business in Atlanta, Georgia. Oldcastle, therefore, is a citizen of Delaware and Georgia. Oldcastle advertises, markets, and sells its own proprietary brands of mulch, including "Timberline Pine Bark Nuggets" ("Timberline Mulch") and "NoFloat Cyprus Mulch" ("NoFloat Mulch") (collectively, "Oldcastle Mulch"), to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

11.     Defendant Lowe's Home Centers, LLC ("Lowe's") is a North Carolina limited liability company that has its principal place of business in Wilkensboro, North Carolina. Lowe's, therefore, is a citizen of North Carolina.  Lowe's does business as "Lowe's."

12.     Lowe's promotes, markets, and sells the Premium Mulch, Preen Mulch and Oldcastle Mulch products complained of herein in its home improvement retail stores and via the Internet to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

<u>**Background and Factual Allegations**</u>

***Premium Mulch***

13.     Lowe's promotes, markets, and sells its own private label mulch product (hereinafter, "Premium Mulch") in its home improvement retail stores and via the Internet to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

14.     Upon information and belief, Lowe's contracts with various third-party distributors that manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's, and Lowe's sells it as a private label product.

15.     Upon information and belief, Lowe's directs and controls its distributors' packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch.

16.     At the direction and under the control of Lowe's, Lowe's distributors package and sell Premium Mulch in plastic bags of uniform size and volume.

17.     Upon information and belief, at the direction and under the control of Lowe's, Lowe's distributors have implemented and utilize a standard mechanized process for distributing a uniform amount of mulch in each bag of Premium Mulch.  Each bag of Premium Mulch

contains a uniform amount of mulch.

18.     On each bag of Premium Mulch, Lowe's represents that the bag contains two (2) cubic feet of mulch.  Specifically, Lowe's represents that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft."

19.     Lowe's representations relating to Premium Mulch are intended to convey to prospective purchasers of Premium Mulch that Premium Mulch will suffice to fully cover a specifically defined area.  For example, on some bags of Premium Mulch, Lowe's represents and warrants that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.  However, on other bags of Premium Mulch, Lowe's represents and warrants that four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

20.     Additionally, on its website, Lowe's advertises and represents that bags of Premium Mulch contain two (2) cubic feet of mulch, and that one (1) bag of Premium Mulch will cover twelve (12) square feet at a depth of two (2) inches.  (*See* Lowe's website printouts, attached hereto as Exhibit 1).

21.     Lowe's representation regarding the forty-eight (48) square foot coverage of four (4) bags of Premium Mulch—and derivatively, Lowe's representation regarding the twelve (12) square foot coverage of one (1) bag of Premium Mulch—is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Premium Mulch.

22.     If four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches, then one (1) bag of Premium Mulch will necessarily cover twelve (12) square feet at a depth of two (2) inches.

23.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

24.     If there is less than two (2) cubic feet of mulch in a bag of Premium Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches, and, accordingly, four (4) bags of Premium Mulch will not cover forty-eight (48) square feet at a depth of two (2) inches. Moreover, it is mathematically impossible for four (4) bags of two (2) cubic feet of Premium Mulch to cover fifty (50) square feet at a depth of two (2) inches. Thus, even if there is two (2) cubic feet of mulch in the bag, Lowe's representations that four (4) bags of two (2) cubic feet of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches are still false.

### Preen Mulch

25.     LSC has engaged in a nationwide advertising and marketing campaign relative to Preen Mulch, consisting of packaging, print, and Internet-based advertisements.

26.     LSC directs and controls its own packaging, advertising, marking, and sales relative to Preen Mulch, including directing and controlling the representations regarding Preen Mulch on each bag of Preen Mulch, and the representations regarding Preen Mulch on LSC's print and Internet-based advertisements.

27.     LSC packages and sells Preen Mulch in plastic bags of uniform size and volume.

28.     Upon information and belief, LSC has implemented and utilizes a standard mechanized process for distributing a uniform amount of mulch in each bag of Preen Mulch. Each bag of Preen Mulch contains a uniform amount of mulch.

29.     On each bag of Preen Mulch, LSC represents that the bag contains two (2) cubic feet of mulch. Specifically, LSC represents that the "Net Contents" of each bag of Preen Mulch are "2 Cu. Ft."

30.     LSC's representations and advertisements relating to Preen Mulch are intended to convey to prospective purchasers of Preen Mulch that Preen Mulch will suffice to fully cover a

specifically defined area. For example, on each bag of Preen Mulch, LSC represents and warrants that one (1) bag of Preen Mulch will cover twelve (12) square feet at a depth of two (2) inches.

31.     LSC's representation regarding the coverage of one (1) bag of Preen Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Preen Mulch.

32.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

33.     If there is less than two (2) cubic feet of mulch in a bag of Preen Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches.

### *Oldcastle Mulch*

34.     Oldcastle has engaged in a nationwide advertising and marketing campaign relative to Oldcastle Mulch, consisting of packaging, print, and Internet-based advertisements.

35.     Oldcastle directs and controls its packaging, advertising, marking, and sales relative to Oldcastle Mulch, including directing and controlling the representations regarding Oldcastle Mulch on each bag of Oldcastle Mulch, and the representations regarding Oldcastle Mulch its print and Internet-based media advertisements.

36.     Oldcastle packages and sells Oldcastle Mulch in plastic bags of uniform size and volume.

37.     Upon information and belief, Oldcastle has implemented and utilizes a standard mechanized process for distributing a uniform amount of mulch in each bag of Oldcastle Mulch. Each bag of Oldcastle Mulch contains a uniform amount of mulch.

38.     On each bag of Oldcastle Mulch, Oldcastle represents that the bag contains two (2) cubic feet of mulch.  Specifically, Oldcastle represents that the "Net Contents" of each bag of Oldcastle Mulch are "2 Cu. Ft."

39.     Oldcastle's representations and advertisements relating to Oldcastle Mulch are intended to convey to prospective purchasers of Oldcastle Mulch that Oldcastle Mulch will suffice to fully cover a specifically defined area.   For example, on each bag of Timberline Mulch, Oldcastle represents and warrants that one (1) bag of Timberline Mulch will cover twelve (12) square feet at a depth of two (2) inches.

40.     Oldcastle's representation regarding the coverage of one (1) bag of Timberline Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Timberline Mulch.

41.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

42.     If there is less than two (2) cubic feet of mulch in a bag of Timberline Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches.

### *Lowe's Additional Misconduct*

43.     Lowe's promotes, markets, and sells Premium Mulch, Preen Mulch, and Oldcastle Mulch in its home improvement retail stores and via the Internet to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

44.     Lowe's has adopted LSC's and Oldcastle's aforesaid representations regarding the amount of mulch in each bag of Preen Mulch and Oldcastle Mulch by advertising in its retail store locations nationwide that bags of Preen Mulch and Oldcastle Mulch contain two (2) cubic feet of mulch.

45.     Lowe's has made additional representations regarding the amount of mulch in each bag of Preen Mulch and Oldcastle Mulch.  Specifically, on its website, Lowe's advertises and represents that bags of Preen Mulch and NoFloat Mulch contain two (2) cubic feet of mulch, and that one (1) bag of Preen Mulch and NoFloat Mulch will cover twelve (12) square feet at a depth of two (2) inches.  (*See* Lowe's website printouts, attached hereto as <u>Exhibit 1</u>).

46.     Lowe's representations regarding the coverage of one (1) bag of Preen Mulch and NoFloat Mulch are based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Preen Mulch and Oldcastle Mulch.

47.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

48.     If there is less than two (2) cubic feet of mulch in a bag of Preen Mulch or NoFloat Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches.

### *Facts Relating to Plaintiffs*

49.     Prior to purchasing their mulch, Plaintiffs were repeatedly exposed to and saw each Defendant's advertisements and representations described herein regarding (a) Defendants' brands of mulch, including Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch; (b) the amount of mulch in bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; and (c) the amount of square footage that Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch will cover at a depth of two (2) inches.

50.     On May 1, 2014, and May 4, 2014, Joseph visited a Lowe's retail store located in Naperville, Illinois, and was exposed to and saw each Defendant's print advertisements regarding Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.  On May 1, 2014, Joseph purchased two (2) bags of Premium Mulch from Lowe's.  On May 4, 2014, Joseph

purchased one (1) bag of Preen Mulch, one (1) bag of Premium Mulch, two (2) bags of Timberline Mulch, and two (2) bags of NoFloat Mulch from Lowe's.

51.     Joseph purchased the aforesaid mulch in reliance on the aforesaid promises, misrepresentations, and omissions of Lowe's, LSC, and Oldcastle.

52.     On April 13, 2014, McMillan visited a Lowe's retail store located in Bakersfield, California, and was exposed to and saw Lowe's print advertisements regarding Premium Mulch. On April 13, 2014, McMillan purchased twenty (20) bags of Premium Mulch from Lowe's.

53.     McMillan purchased the aforesaid mulch in reliance on the aforesaid promises, misrepresentations, and omissions of Lowe's.

54.     Plaintiffs suffered injuries in fact and lost money as a result of Defendants' conduct described herein, because the bags of mulch purchased by Plaintiffs contained substantially and materially less than two (2) cubic feet of mulch.

55.     Had Plaintiffs known that the bags of mulch they purchased contained substantially and materially less than two (2) cubic feet of mulch, they would not have purchased the mulch, and/or would have paid substantially and materially less for the mulch.

56.     Prior to purchasing the Premium Mulch, Preen Mulch, and Oldcastle Mulch, Plaintiffs and any other prospective purchaser of these products would be unable to ascertain the amount of mulch in the bags.

57.     After Plaintiffs purchased the bags of mulch from Lowe's, Plaintiffs discovered that their bags of mulch contained substantially and materially less mulch than advertised.

58.     Thereafter, Plaintiffs' counsel retained a private investigator to further investigate the quantity of mulch contained in bags of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch.  The private investigator purchased multiple bags of Premium Mulch, Preen

Mulch, Timberline Mulch, and NoFloat Mulch from three (3) Lowe's retail stores, and measured the amount of mulch contained in each bag. This investigation revealed that each bag of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch contained substantially and materially less than two (2) cubic feet of mulch (*i.e.*, an average of approximately 1.5 cubic feet of mulch, or 25% less mulch than advertised in each bag).

59. By "short packing" the bags of mulch, Defendants are able to (a) increase their profit margin per bag by selling a lesser amount of mulch than advertised, and (b) save money on the cost of freight, as they can put more bags of mulch on a truck if there is less mulch in the bag.

## COUNT I
### (Fraudulent Misrepresentation – Against LSC and Oldcastle)

60. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

61. Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of LSC and Oldcastle's brands of mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

> All persons in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:** All persons in the United States who purchased one or more bags of Preen Mulch on or after May 27, 2004.

> **Subclass B:** All persons in the United States who purchased one or more bags of Timberline Mulch on or after May 27, 2004.

> **Subclass C:** All persons in the United States who purchased one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

62.    Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

63.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

      a.    whether LSC and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Preen Mulch Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

b. whether LSC and Oldcastle distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

c. whether LSC and Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

d. whether LSC and Oldcastle misrepresented the amount of mulch contained in bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch, and the area that a bag of mulch will cover;

e. whether LSC's and Oldcastle's conduct as alleged herein constitutes fraudulent misrepresentation;

f. whether LSC and Oldcastle acted fraudulently, wantonly, and/or maliciously in representing to Plaintiffs and the Class that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch;

g. whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

h. whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

64. Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

66.     Unless a class is certified, LSC and Oldcastle will retain monies received as a result of their conduct that was wrongfully taken from Plaintiffs and Class members.  Unless an injunction is issued, LSC and Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

67.     LSC and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

68.     Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to them by LSC and Oldcastle regarding the quantity of mulch contained in the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

69.     LSC and Oldcastle falsely and fraudulently represented to Plaintiffs and the Class members that the Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and that one bag of mulch will cover twelve (12) square feet at depth of two (2) inches.

70.     When said representations were made, LSC and Oldcastle knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

71.     These representations were made by LSC and Oldcastle with the intent of defrauding and deceiving Plaintiffs and the Class members.

72.     At the time these representations were made by LSC and Oldcastle, Plaintiffs and the Class members were unaware of the falsity of said representations and reasonably believed

them to be true.

73.     In reliance upon said representations, Plaintiffs and the Class members purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, thereby sustaining damage and injury.

74.     LSC and Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiffs and the Class members damage and injury.

75.     As a direct and proximate result of the foregoing, the Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.     Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiffs and the Class and against Defendants LSC and Oldcastle;

D.     Enjoining Defendants LSC's and Oldcastle's illegal conduct and ordering LSC and Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch; or (ii) alter LSC's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.     Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F.    Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
**(Fraudulent Misrepresentation – Against Lowe's)**

76.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

77.    Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, Preen Mulch, and Oldcastle Mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

> All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch, Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:** All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2004.

> **Subclass B:** All persons in the United States who purchased from Lowe's one or more bags of Preen Mulch on or after May 27, 2004.

> **Subclass C:** All persons in the United States who purchased from Lowe's one or more bags of Timberline Mulch on or after May 27, 2004.

> **Subclass D:** All persons in the United States who purchased from Lowe's one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective

employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for

personal injury or consequential damages, not otherwise permitted under the facts pled herein,

are expressly excluded from this action.  Plaintiffs reserve the right to amend the Class definition

as necessary.

78.     Upon information and belief, the Class comprises thousands of consumers

throughout the nation, and is so numerous that joinder of all members of the Class is

impracticable.  While the exact number of Class members is presently unknown and can only be

ascertained through discovery, Plaintiffs believe that there are thousands of Class members based

upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country,

with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates

eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home

improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch

in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a

wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50)

States, and maintains a number two (2) market leadership position in the United States with

regard to packaged lawn and garden products, including mulch.

79.     There are questions of law and fact common to the Class, which predominate over

any individual issues, including:

> a.     whether Lowe's contracts with various third-party distributors that
> manufacture, package, distribute, and sell Premium Mulch exclusively to
> Lowe's to sell as a private label product;
>
> b.     whether Lowe's directs and controls its distributors' packaging,
> advertising, and marketing relative to Premium Mulch, including directing
> and controlling the representations regarding Premium Mulch on each bag
> of Premium Mulch;

c.      whether Lowe's distributors, LSC, and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

d.      whether Lowe's distributors, LSC, and Oldcastle distribute in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

e.      whether Lowe's knew or should have known that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

f.      whether Lowe's misrepresented the amount of mulch contained in bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, and the area that a bag of mulch will cover;

g.      whether Lowe's conduct as alleged herein constitutes fraudulent misrepresentation;

h.      whether Lowe's acted fraudulently, wantonly, and/or maliciously in representing to Plaintiffs and the Class that bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch;

i.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

j.      whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

80.    Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

81.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  The trial and the litigation of Plaintiffs' claims are manageable.

82.    Unless a class is certified, Lowe's will retain monies received as a result of its conduct that was wrongfully taken from Plaintiffs and Class members.  Unless an injunction is issued, Lowe's will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

83.    Lowe's has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

84.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to them by Lowe's regarding the quantity of mulch contained in the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

85.    Lowe's falsely and fraudulently represented to Plaintiffs and the Class members that (a) the Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

86.    When said representations were made, Lowe's knew those representations to be false and it willfully, wantonly, and recklessly disregarded whether the representations were true.

87.     These representations were made by Lowe's with the intent of defrauding and deceiving Plaintiffs and the Class members.

88.     At the time these representations were made by Lowe's, Plaintiffs and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

89.     In reliance upon said representations, Plaintiffs and the Class members purchased Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, thereby sustaining damage and injury.

90.     Lowe's knew or should have known that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiffs and the Class members damage and injury.

91.     As a direct and proximate result of the foregoing, the Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.      Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiffs and the Class and against Defendant Lowe's;

D.      Enjoining Defendant Lowe's illegal conduct and ordering Lowe's to either (i) institute procedures to ensure that each bag of Premium Mulch, Preen

Mulch, Timberline Mulch, and NoFloat Mulch sold by Lowe's will contain two (2) cubic feet of mulch, and stop selling Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch until the bags of this mulch contain two (2) cubic feet of mulch; or (ii) alter Lowe's advertising and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### (Unjust Enrichment – Against LSC and Oldcastle)

92. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

93. Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of LSC and Oldcastle's brands of mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

All persons in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

**Subclass A:** All persons in the United States who purchased one or more bags of Preen Mulch on or after May 27, 2004.

**Subclass B:** All persons in the United States who purchased one or more bags of Timberline Mulch on or after May 27, 2004.

**Subclass C:** All persons in the United States who purchased one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

94. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

95. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

      a.      whether LSC and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

      b.     whether LSC and Oldcastle distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

      c.     whether LSC and Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

      d.     whether LSC and Oldcastle accepted the benefit of the purchase price of Preen Mulch, Timberline Mulch, and NoFloat Mulch based on their misrepresentations and omissions regarding the quantity of Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiffs and the Class members;

      e.     whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

      f.     whether LSC's and Oldcastle's retention of the monies Plaintiffs and the Class members paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience;

      g.     whether equity and good conscience require that LSC and Oldcastle return the money with interest to the Plaintiffs and the Class members; and

      h.     whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

96.     Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

97.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.

The trial and the litigation of Plaintiffs' claims are manageable.

98.　　Unless a class is certified, LSC and Oldcastle will retain monies received as a result of their conduct that was wrongfully taken from Plaintiffs and Class members. Unless an injunction is issued, LSC and Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

99.　　LSC and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

100.　　Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

101.　　As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched.

102.　　Specifically, by their misconduct described herein, Defendants have accepted a benefit (*i.e.,* monies paid by Plaintiffs and Class members for the purchase of Preen Mulch, Timberline Mulch, and NoFloat Mulch) to the detriment of Plaintiffs and the Class members.

103.　　Defendants' retention of the monies paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience.

104.　　Defendants accepted the benefit based on their misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiffs and the Class members, and it would be inequitable for Defendants to retain the benefit of those monies, as they were paid the money under false pretenses.

105. Defendants have obtained money to which they are not entitled, and interest on that money, and under these circumstances equity and good conscience require that Defendants return the money with interest to the Plaintiffs and the Class members.

106. As a direct and proximate result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendants LSC and Oldcastle;

D. Enjoining Defendants LSC's and Oldcastle's illegal conduct and ordering LSC and Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter LSC's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT IV
### (Unjust Enrichment – Against Lowe's)
### (*pleaded in the alternative to Count VIII*)

107.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

108.     Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, Preen Mulch, and Oldcastle Mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

> All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch, Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:** All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2004.

> **Subclass B:** All persons in the United States who purchased from Lowe's one or more bags of Preen Mulch on or after May 27, 2004.

> **Subclass C:** All persons in the United States who purchased from Lowe's one or more bags of Timberline Mulch on or after May 27, 2004.

> **Subclass D:** All persons in the United States who purchased from Lowe's one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein,

are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

109. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

110. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

> a. whether Lowe's contracts with various third-party distributors that manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's to sell as a private label product;

> b. whether Lowe's directs and controls its distributors' packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch;

> c. whether Lowe's distributors, LSC, and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

    d.      whether Lowe's distributors, LSC, and Oldcastle distribute in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

    e.      whether Lowe's knew or should have known that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

    f.      whether Lowe's accepted the benefit of the purchase price of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch based on its misrepresentations and omissions regarding the quantity of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiffs and the Class members;

    g.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

    h.      whether Lowe's retention of the monies Plaintiffs and the Class members paid for Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience;

    i.      whether equity and good conscience require that Lowe's return the money with interest to the Plaintiffs and the Class members; and

    j.      whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

111.   Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

112.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.

The trial and the litigation of Plaintiffs' claims are manageable.

113.    Unless a class is certified, Lowe's will retain monies received as a result of its conduct that was wrongfully taken from Plaintiffs and Class members.  Unless an injunction is issued, Lowe's will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

114.    Lowe's has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

115.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

116.    As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

117.    Specifically, by its misconduct described herein, Defendant has accepted a benefit (*i.e.,* monies paid by Plaintiffs and Class members for the purchase of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch) to the detriment of Plaintiffs and the Class members.

118.    Defendant's retention of the monies paid for Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience.

119.    Defendant accepted the benefit based on its misrepresentations and omissions regarding Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiffs and the Class members, and it would be inequitable for Defendant to retain the benefit of those

monies, as it was paid the money under false pretenses.

120. Defendant has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that Defendant return the money with interest to the Plaintiffs and the Class members.

121. As a direct and proximate result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant Lowe's;

D. Enjoining Defendant Lowe's illegal conduct and ordering Lowe's to either (i) institute procedures to ensure that each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch sold by Lowe's will contain two (2) cubic feet of mulch, and stop selling Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch until the bags of this mulch contain two (2) cubic feet of mulch, or (ii) alter Lowe's advertising and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT V
**(Violation of the Consumer Fraud and Deceptive Trade Practices Acts
of the Various States and District of Columbia – Against LSC and Oldcastle)**

122.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the
same force and effect as though fully set forth herein.

*Class Allegations*

123.     Plaintiffs bring this Count, both individually and as a class action on behalf of
similarly situated consumer purchasers of LSC and Oldcastle's brands of mulch, pursuant to
Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class
is defined as:

> All persons in the United States who purchased, for personal or household
> purposes, one or more bags of Preen Mulch, Timberline Mulch, and/or
> NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:**  All persons in the United States who purchased, for personal
> or household purposes, one or more bags of Preen Mulch on or after May
> 27, 2004.

> **Subclass B:**  All persons in the United States who purchased, for personal
> or household purposes, one or more bags of Timberline Mulch on or after
> May 27, 2004.

> **Subclass C:**  All persons in the United States who purchased, for personal
> or household purposes, one or more bags of NoFloat Mulch on or after
> May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and
employees, any entity that has a controlling interest in Defendants, and all of their respective
employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for
personal injury or consequential damages, not otherwise permitted under the facts pled herein,

are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

124. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

125. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

    a.    whether LSC and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

    b.    whether LSC and Oldcastle distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

    c.    whether LSC and Oldcastle misrepresented that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and the area that a bag of mulch will cover;

d.  whether LSC and Oldcastle failed to disclose that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet;

e.  whether LSC's and Oldcastle's misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch are deceptive or misleading;

f.  whether LSC and Oldcastle engaged in false, deceptive, and/or misleading advertising;

g.  whether LSC's and Oldcastle's conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;

h.  whether LSC's and Oldcastle's conduct as alleged herein violates public policy;

i.  whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

j.  whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

126.  Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

127.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

128.  Unless a class is certified, LSC and Oldcastle will retain monies received as a result of their conduct that was wrongfully taken from Plaintiffs and Class members. Unless an

injunction is issued, LSC and Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

129.    LSC and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

130.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for violations by LSC and Oldcastle of the respective statutory consumer protection laws, as follows:

a.      the Alaska Unfair Trade Practices And Consumer Protection Act, AS § 45.50.471, *et seq.*;

b.      the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

c.      the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

d.      the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* and 17500 *et seq.*;

e.      the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

f.      the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

g.      the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

h.      the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

i.      the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

j.      the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

k.      the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

l.      the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

m.      the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

n.      the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

o.      the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.      the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.      the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.      the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s.      the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.      the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.      the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.      the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.      the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

x.      the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

y.      the "Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

z.      the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

aa.     the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*

bb.     the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

cc.     the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

dd.     the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ee.     the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

ff.  the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

gg.  the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

hh.  the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

ii.  the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

jj.  the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

kk.  the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

ll.  the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

mm.  the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

nn.  the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

oo.  the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

pp.  the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

qq.  the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

rr.  the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

ss.  the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

tt.  the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

uu.  the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

vv.  the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

ww.  the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

131.    LSC's and Oldcastle's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch, as set forth in herein, are deceptive and/or unfair acts or practices prohibited by the consumer fraud statutes set forth above.

132.    LSC and Oldcastle intended to be deceptive and/or unfair to Plaintiffs and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had LSC and Oldcastle provided accurate information, Plaintiffs and the Class members would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch.

133.    LSC's and Oldcastle's practice of advertising and marketing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch— when in fact each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiffs and the Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the foregoing statutes.

134.    LSC and Oldcastle intended to be unfair to Plaintiffs and the Class by unlawfully representing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch as described above.

135.    LSC and Oldcastle intended that Plaintiffs and the Class rely on LSC's and Oldcastle's misrepresentations regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch when purchasing Preen Mulch, Timberline Mulch, and NoFloat Mulch.  Moreover, LSC and Oldcastle intended that Plaintiffs and the Class rely on LSC's and Oldcastle's failures to disclose to or notify Plaintiffs and the Class that the

bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained substantially less than two (2) cubic feet of mulch.

136.    Plaintiffs and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing LSC's and Oldcastle's advertising and marketing of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

137.    Had Plaintiffs and the Class members known the truth, they would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, and/or would have paid substantially and materially less money for it.

138.    The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiffs and the Class.

139.    The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers. Purchasers of Preen Mulch, Timberline Mulch, and NoFloat Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little alternative or meaningful choice but to purchase Preen Mulch, Timberline Mulch, and NoFloat Mulch, and trust in LSC and Oldcastle's representations regarding the amount of mulch contained therein.

140.    As a direct and proximate result of the foregoing, the Plaintiffs and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.      Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiffs and the Class and against Defendants LSC and Oldcastle;

D.      Enjoining Defendants LSC's and Oldcastle's illegal conduct and ordering LSC and Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter LSC's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.      Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F.      Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.      Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VI
### (Violation of the Consumer Fraud and Deceptive Trade Practices Acts of the Various States and District of Columbia – Against Lowe's)

141.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

142.    Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Lowe's, LSC, and Oldcastle's brands of mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

40

> All persons in the United States who purchased from Lowe's, for personal or household purposes, one or more bags of Premium Mulch, Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:**   All persons in the United States who purchased from Lowe's, for personal or household purposes, one or more bags of Premium Mulch on or after May 27, 2004.

> **Subclass B:**   All persons in the United States who purchased from Lowe's, for personal or household purposes, one or more bags of Preen Mulch on or after May 27, 2004.

> **Subclass C:**   All persons in the United States who purchased from Lowe's, for personal or household purposes, one or more bags of Timberline Mulch on or after May 27, 2004.

> **Subclass C:**   All persons in the United States who purchased from Lowe's, for personal or household purposes, one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiffs reserve the right to amend the Class definition as necessary.

143.   Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) LSC operates

eight (8) producing locations in six (6) States, and sells its Preen Mulch in several major home improvement retailers nationwide, including Lowe's; and (3) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

144.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a.    whether Lowe's contracts with various third-party distributors that manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's to sell as a private label product;

b.    whether Lowe's directs and controls its distributors' packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch;

c.    whether Lowe's distributors, LSC, and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

d.    whether Lowe's distributors, LSC, and Oldcastle distribute in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

e.    whether Lowe's knew or should have known that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

f.    whether Lowe's misrepresented the amount of mulch contained in bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, and the area that a bag of mulch will cover;

g.    whether Lowe's failed to disclose that bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet;

      h.      whether Lowe's misrepresentations and omissions regarding Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch are deceptive or misleading;

      i.      whether Lowe's engaged in false, deceptive, and/or misleading advertising;

      j.      whether Lowe's conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;

      k.      whether Lowe's conduct as alleged herein violates public policy;

      l.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

      m.      whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

145.    Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

146.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

147.    Unless a class is certified, Lowe's will retain monies received as a result of its conduct that was wrongfully taken from Plaintiffs and Class members. Unless an injunction is issued, Lowe's will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

148.    Lowe's has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

149.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for violations by Lowe's of the respective statutory consumer protection laws, as follows:

a.      the Alaska Unfair Trade Practices And Consumer Protection Act, AS § 45.50.471, *et seq.*;

b.      the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

c.      the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

d.      the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* and 17500 *et seq.*;

e.      the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

f.      the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

g.      the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

h.      the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

i.      the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

j.      the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

k.      the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

l.      the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

m.      the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

n.      the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

o.      the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.      the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.      the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.      the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s.      the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.      the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.      the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.      the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.      the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

x.      the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

y.      the "Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

z.      the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

aa.      the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*

bb.      the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

cc.      the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

dd.      the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ee.      the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

ff.      the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

gg.     the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

hh.     the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

ii.     the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

jj.     the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

kk.     the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

ll.     the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

mm.     the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

nn.     the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

oo.     the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

pp.     the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

qq.     the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

rr.     the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

ss.     the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

tt.     the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

uu.     the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

vv.     the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

ww.     the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*.

150.    Lowe's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, as set forth herein, are deceptive and/or unfair acts or practices prohibited by the

consumer fraud statutes set forth above.

151.   Lowe's intended to be deceptive and/or unfair to Plaintiffs and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Lowe's provided accurate information, Plaintiffs and the Class members would not have purchased Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

152.   Lowe's practice of advertising and marketing that each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch—when in fact each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiffs and the Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the foregoing statutes.

153.   Lowe's intended to be unfair to Plaintiffs and the Class by unlawfully representing that each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch as described above.

154.   Lowe's intended that Plaintiffs and the Class rely on Lowe's misrepresentations regarding the amount of mulch contained in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch when purchasing Premium Mulch, Preen Mulch, and Timberline Mulch, and NoFloat Mulch.  Moreover, Lowe's intended that Plaintiffs and the Class rely on Lowe's failure to disclose to or notify Plaintiffs and the Class that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch contained substantially less than two (2) cubic feet of mulch.

155. Plaintiffs and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing Lowe's advertising and marketing of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

156. Had Plaintiffs and the Class members known the truth, they would not have purchased Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, and/or would have paid substantially and materially less money for it.

157. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiffs and the Class.

158. The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers. Purchasers of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little alternative or meaningful choice but to purchase Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch, and trust in Lowe's, LSC, and Oldcastle's representations regarding the amount of mulch contained therein.

159. As a direct and proximate result of the foregoing, the Plaintiffs and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

> A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.     Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiffs and the Class and against Defendant Lowe's;

D.     Enjoining Defendant Lowe's illegal conduct and ordering Lowe's to either (i) institute procedures to ensure that each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch sold by Lowe's will contain two (2) cubic feet of mulch, and stop selling Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch until the bags of this mulch contain two (2) cubic feet of mulch; or (ii) alter Lowe's advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.     Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F.     Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.     Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VII
### (Violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* – Against Lowe's)

160.     Plaintiff Glenn McMillan repeats and realleges the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

161.     Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Premium Mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as:

All California consumers who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2011.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

162. Upon information and belief, the Class comprises thousands of consumers in California, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013.

163. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a. whether Lowe's contracts with various third-party distributors that manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's to sell as a private label product;

b. whether Lowe's directs and controls its distributors' packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch;

c. whether Lowe's distributors have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d. whether Lowe's distributors distributes in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

e.    whether Lowe's knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

f.    whether Lowe's misrepresented the amount of mulch contained in bags of Premium Mulch on Lowe's print and online advertising materials, and the area that a bag of mulch will cover;

g.    whether Lowe's failed to disclose that bags of Premium Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet on Lowe's print and online advertising materials;

h.    whether Lowe's misrepresentations regarding Premium Mulch are untrue or misleading;

i.    whether Lowe's engaged in false advertising;

j.    whether Lowe's conduct as alleged herein violates the California False Advertising Law;

k.    whether Lowe's conduct as alleged herein violates public policy;

l.    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

m.    whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

164.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

165.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

166.    Unless a class is certified, Lowe's will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Lowe's will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

167.    Lowe's has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

168.    Plaintiff Glenn McMillan brings this Count individually, and on behalf of all similarly situated residents of the State of California for violations by Lowe's of the California False Advertising Law.

169.    Lowe's caused to be made or disseminated through California and the United States, through advertising, statements that were untrue and misleading, and which were known, or which by exercising reasonable care should have been known to Lowe's, to be untrue and misleading to Plaintiff and the Class.

170.    Lowe's violated the California False Advertising Law because the misrepresentations and omissions are material and likely to deceive a reasonable consumer.

171.    Plaintiff and the Class have suffered injury in fact, including losing money, as a result of Lowe's false advertising.  As set forth above, Plaintiff relied on the misrepresentations and/or omissions of Lowe's.  Had Plaintiff known the actual amount of mulch contained in bags of Premium Mulch, Plaintiff would not have purchased and/or paid as much for them.

172.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Lowe's business.  Lowe's wrongful conduct is part of a pattern or generalized

conduct that is still perpetuated and repeated, both in California and nationwide.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class, and his undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendant Lowe's;

D. Enjoining Defendant Lowe's illegal conduct and ordering Lowe's to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's will contain two (2) cubic feet of mulch, and stop selling Premium Mulch until the bags of this mulch contain two (2) cubic feet of mulch, or (ii) alter Lowe's advertising and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E. Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate; and

F. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VIII
### (Breach of Contract – Against Lowe's)
### *(pleaded in the alternative to Count IV)*

173. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

### *Class Allegations*

174. Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, Preen Mulch, and Oldcastle Mulch from Lowe's, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. The

proposed Class is defined as:

> All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch, Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:** All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2004.

> **Subclass B:** All persons in the United States who purchased from Lowe's one or more bags of Preen Mulch on or after May 27, 2004.

> **Subclass C:** All persons in the United States who purchased from Lowe's one or more bags of Timberline Mulch on or after May 27, 2004.

> **Subclass D:** All persons in the United States who purchased from Lowe's one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

175. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013.

176.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a.      whether Lowe's contracts with various third-party distributors that manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's to sell as a private label product;

b.      whether Lowe's directs and controls its distributors' packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch;

c.      Whether Lowe's distributors, LSC, and Oldcastle have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

d.      whether Lowe's distributors, LSC, and Oldcastle distribute in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

e.      Whether Lowe's promised that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that it sells contain two (2) cubic feet of mulch, and will cover a specified area;

f.      Whether an contract implied in fact was created between Lowe's and Plaintiffs and the Class members relative to the purchase and sale of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

g.      Whether an contract implied in law was created between Lowe's and Plaintiffs and the Class members relative to the purchase and sale of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

h.      Whether Lowe's breached a contract implied in fact or law with Plaintiffs and the Class members by failing to provide and sell to Plaintiffs and the Class members bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that contain two (2) cubic feet of mulch; and

i.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss.

177.    Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do

not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

178.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

### *Substantive Allegations*

179.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for Lowe's breach of contract regarding the quantity of mulch contained in the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

180.    As set forth above, on May 1, 2014 and May 4, 2014, Lowe's offered for sale to Joseph bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch in exchange for money.

181.    On May 1, 2014 and May 4, 2014, Joseph accepted Lowe's offer for sale of bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; purchased the bags of mulch; and paid Lowe's said money.

182.    As set forth above, on April 13, 2014, Lowe's offered for sale to McMillan bags of Premium Mulch in exchange for money.

183.    On April 13, 2014, McMillan accepted Lowe's offer for sale of bags of Premium Mulch; purchased the bags of mulch; and paid Lowe's said money.

184.    Lowe's failure to provide bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that contain two (2) cubic feet of mulch constitutes a breach of contract implied in fact or law between Lowe's and Plaintiffs and the Class members.

185.    Plaintiffs and the Class members performed all of their obligations under the contracts created with Lowe's relative to their purchase of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

186.    As a direct and proximate result of the foregoing, the Plaintiffs and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiffs and the Class and against Defendant Lowe's;

D.    Awarding Plaintiffs and the Class compensatory damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

E.    Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Plaintiffs AMY JOSEPH and GLENN McMILLAN, individually, and on behalf of all others similarly situated,

By:    s/ Thomas A. Zimmerman, Jr.
        Thomas A. Zimmerman, Jr. (IL #6231944)
        Adam M. Tamburelli (IL #6292017)
        Frank J. Stretz (IL #6310264)
        ZIMMERMAN LAW OFFICES, P.C.
        77 West Washington Street, Suite 1220
        Chicago, Illinois 60602
        (312) 440-0020 Telephone
        (312) 440-4180 Facsimile
        www.attorneyzim.com

Counsel for the Plaintiffs and Class

Your Store:
**Lincolnwood, IL**

Your Store: **Lincolnwood, IL**



## Premium 2-cu ft Red Hardwood Mulch

Item #: 85281 | Model #: NA

★★★★★

**$2.00**
Was: $3.33
Save 39%

FREE
**Store Pickup**
Your order can be available for pickup
in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to
you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS,
FedEx, USPS, etc.

Premium 2-cu ft Red          $2.00
Hardwood Mulch

Tweet    g+1  0

## Description

Premium 2-cu ft Red Hardwood Mulch

- Premium color
- Perfect accent to flower beds, walkways and natural areas
- Season long color

## Specifications

| | | | |
|---|---|---|---|
| Series Name | Premium | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | Yes |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Red | Guarantee | 1-year color |
| Manufacturer Color/Finish | Red | | |
| | | EPA Registration Number | N/A |

© 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

**EXHIBIT**

Your Store:
**Lincolnwood, IL**

| Your Store: **Lincolnwood, IL** |
|---|



## Premium 2-cu ft Dark Brown Hardwood Mulch

Item #: 90954 | Model #: NA

★★★★★

## $2.00
Was: $3.33
Save 39%

FREE
**Store Pickup**
Your order can be available for pickup
in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to
you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS,
FedEx, USPS, etc.

| Premium 2-cu ft Dark Brown Hardwood Mulch | $2.00 |
|---|---|

Tweet 2   g+1 2

### Description

Premium 2-cu ft Dark Brown Hardwood Mulch

- Premium color
- Perfect accent to flower beds, walkways and natural areas
- Season long color

### Specifications

| | | | |
|---|---|---|---|
| Series Name | Premium | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | Yes |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Dark brown | Guarantee | 1-year color |
| Manufacturer Color/Finish | Dark brown | EPA Registration Number | N/A |

Ⓞ 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

Your Store:
**Lincolnwood, IL**

---

Your Store: **Lincolnwood, IL**



### Premium 2-cu ft Black Hardwood Mulch

Item #: 148349 | Model #: NA

★★★★★

## $2.00
Was: $3.33
Save 39%

[ Tweet | 0 ] [ 8+1 | 0 ]

FREE
**Store Pickup**
Your order can be available for pickup in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS, FedEx, USPS, etc.

Premium 2-cu ft     $2.00
Black Hardwood
Mulch

---

### Description

Premium 2-cu ft Black Hardwood Mulch

- Premium color
- Perfect accent to flower beds, walkways and natural areas
- Season long color

### Specifications

| Series Name | Premium | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
|---|---|---|---|
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | Yes |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Black | Guarantee | 1-year color |
| Manufacturer Color/Finish | Black | | |
| | | EPA Registration Number | N/A |

---

© 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

Your Store:
**Lincolnwood, IL**

---

Your Store: **Lincolnwood, IL**



### Preen 2-cu ft Black Hardwood Mulch

Item #: 290301 | Model #: BLK2PR

★★★★★

**$3.82**
Was: $4.49
Save 15% thru 08/20/2014

FREE
**Store Pickup**
Your order can be available for pickup in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS, FedEx, USPS, etc.

Preen 2-cu ft Black    $3.82
Hardwood Mulch

Tweet 0   g+1 3

### Description

2-cu ft Black Hardwood Mulch

- Formulated with Weed Barrier technology that blocks weeds for up to 6 months
- Color lasts all year
- Helps retain moisture

### Specifications

| | | | |
|---|---|---|---|
| Series Name | N/A | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | No |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Black | Guarantee | 1-year color |
| Manufacturer Color/Finish | N/A | | |
| | | EPA Registration Number | 961-408-74547 |

© 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

5/12/2014
Case: 1:14-cv-03866 Document #: 1 Filed: 05/27/14 Page 63 of 65 PageID #:63
Shop Preen 2-cu ft Dark Brown Hardwood Mulch at Lowes.com

Your Store:
Lincolnwood, IL

## Your Store: **Lincolnwood, IL**



### Preen 2-cu ft Dark Brown Hardwood Mulch

Item #: 290302 | Model #: BRWN2PR

★★★★★

## $4.49

FREE
**Store Pickup**
Your order can be available for pickup in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS, FedEx, USPS, etc.

Preen 2-cu ft Dark     $4.49
Brown Hardwood
Mulch

[ Tweet ] 0     [ 8+1 ] 0

### Description

2-cu ft Dark Brown Hardwood Mulch

- Formulated with Weed Barrier technology that blocks weeds for up to 6 months
- Color lasts all year
- Helps retain moisture

### Specifications

| | | | |
|---|---|---|---|
| Series Name | N/A | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | No |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Dark brown | Guarantee | 1-year color |
| Manufacturer Color/Finish | N/A | EPA Registration Number | 961-408-74547 |

© 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

Your Store:
Lincolnwood, IL

| Your Store: **Lincolnwood, IL** |
| --- |



## Preen 2-cu ft Red Hardwood Mulch

Item #: 255154 | Model #: RED2PR

★★★★★

### $4.49

**FREE**
**Store Pickup**
Your order can be available for pickup
in **Lowe's Of Lincolnwood, IL** today.

**Lowe's Truck Delivery**
Your order will be ready for delivery to
you from your selected store.

**Parcel Shipping**
**Unavailable for This Order**
Sent by carriers like UPS.
FedEx, USPS, etc.

Preen 2-cu ft Red     $4.49
Hardwood Mulch

Tweet 0   g+1 0

### Description

2-cu ft Red Hardwood Mulch

- Formulated with Weed Barrier technology that blocks weeds for up to 6 months
- Color lasts all year
- Helps retain moisture

### Specifications

| | | | |
| --- | --- | --- | --- |
| Series Name | N/A | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Hardwood | Controls Moisture | No |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Red | Guarantee | 1-year color |
| Manufacturer Color/Finish | N/A | | |
| | | EPA Registration Number | 961-408-74547 |

© 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC

Your Store:
Lincolnwood, IL

## Your Store: **Lincolnwood, IL**



### Oldcastle Float 2-cu ft Light Brown/Gold Cypress Blend Mulch

Item #: 20248 | Model #: 20248

★★★★★

## $2.98

Tweet 0    8+1 0

**FREE**
### Store Pickup
Your order can be available for pickup
in **Lowe's Of Lincolnwood, IL** today.

### Lowe's Truck Delivery
Your order will be ready for delivery to
you from your selected store.

### Parcel Shipping
**Unavailable for This Order**
Sent by carriers like UPS,
FedEx, USPS, etc.

Oldcastle Float 2-cu ft    $2.98
Light Brown/Gold
Cypress Blend Mulch

### Description

Float 2-cu ft Light Brown/Gold Cypress Blend Mulch

- Knits and binds together so it will not float away
- Smothers out weeds and grasses when applied according to application directions
- Holds 3-1/2 times its weight in water - slow to release

### Specifications

| | | | |
|---|---|---|---|
| Series Name | No Float | Sq. Ft. Coverage at 2-Inch Depth | 12.0 |
| Bag Capacity Quantity by Dry Volume | 2.0 | Contains Herbicide | No |
| Bag Capacity Unit of Measure | Cubic feet | Contains Insecticide | No |
| Mulch Type | Cypress blend | Controls Moisture | Yes |
| Texture | Mulch | Certified for Playgrounds | No |
| Mulch Color Family | Light brown/Gold | Guarantee | None |
| Manufacturer Color/Finish | Light brown | EPA Registration Number | N/A |

Ο 2014 Lowe's. All rights reserved. Lowe's and the gable design are registered trademarks of LF, LLC