**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY JOSEPH, and GLENN McMILLAN, | ) | |
| individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  14 cv 3866 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, a North Carolina | ) | |
| limited liability company, OLDCASTLE LAWN & | ) | |
| GARDEN, INC., a Delaware corporation, HARVEST | ) | |
| POWER, INC., a Delaware corporation, and GRO-WELL | ) | |
| BRANDS, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

# FIRST AMENDED NATIONWIDE CLASS ACTION COMPLAINT

Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
Matthew C. De Re (IL #6317913)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 Telephone
(312) 440-4180 Facsimile
www.attorneyzim.com

*Counsel for the Plaintiffs and Putative Class*

# **TABLE OF CONTENTS**

Nature of the Case ......................................................................................................3

Jurisdiction and Venue .............................................................................................4

The Parties ................................................................................................................4

## **Background and Factual Allegations**

Premium Mulch ........................................................................................................5

Oldcastle Mulch .......................................................................................................9

Facts Relating to Plaintiffs .....................................................................................10

## **Class Definitions**

Class 1 ....................................................................................................................13

Class 2 ....................................................................................................................13

## **Claims for Relief Against All Defendants**

Count II – Fraudulent Misrepresentation ...............................................................17

Count IV – Unjust Enrichment ...............................................................................27

Count VI – Violation of the Consumer Fraud and Deceptive Trade
Practices Acts of the Various States and District of Columbia .....................................40

## **Claims for Relief Against Oldcastle Only**

Count I – Fraudulent Misrepresentation .................................................................13

Count III – Unjust Enrichment ...............................................................................23

Count V – Violation of the Consumer Fraud and Deceptive Trade
Practices Acts of the Various States and District of Columbia ....................................32

## **Claim for Relief Against Lowe's Only**

Count VII – Breach of Contract ..............................................................................49

NOW COME Plaintiffs Amy Joseph and Glenn McMillan (collectively, "Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and complain of Defendants Lowe's Home Centers, LLC, Oldcastle Lawn & Garden, Inc., Harvest Power, Inc., and Gro-Well Brands, Inc. (collectively, "Defendants"), as follows:

## Nature of the Case

1.      Plaintiffs bring this action individually and on behalf of the proposed classes, as more fully defined below (collectively, or individually or in various combinations as appropriate, referred to herein as the "Class"), of similarly situated consumers throughout the United States to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper advertising, sales, and marketing practices in which Defendants continue to engage regarding the quantity of mulch contained in each bag of mulch sold by Defendants.

2.      Defendants advertise, market, and sell various proprietary and third-party brands of mulch in many home improvement retail stores nationwide.

3.      Defendants represent that the various brands of mulch they sell come in bags that contain two (2) cubic feet of mulch. However, these bags contain substantially and materially less than two (2) cubic feet of mulch.

4.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, entities, and consumers throughout the United States to halt the dissemination of these false and misleading advertising messages, correct the false and misleading perception they have created in the minds of purchasers, and to obtain redress for those who have purchased Defendants' offending mulch products, as described herein.

**Jurisdiction and Venue**

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).  The proposed Class involves more than 100 individuals.  A member of the proposed Class is a citizen of a state different from at least one Defendant, and the amount of controversy, in the aggregate, exceeds the sum of $5,000,000 exclusive of interest and costs.

6.     Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district.

**The Parties**

7.     Plaintiff Amy Joseph ("Joseph") is, and at all times relevant to this action has been, a resident of Illinois and, thus, is a citizen of Illinois.

8.     Plaintiff Glenn McMillan ("McMillan") is, and at all times relevant to this action has been, a resident of California and, thus, is a citizen of California.

9.     Defendant Oldcastle Lawn & Garden, Inc. ("Oldcastle") is a Delaware corporation that has its principal place of business in Atlanta, Georgia.  Oldcastle, therefore, is a citizen of Delaware and Georgia.

10.     Oldcastle manufactures, advertises, markets, and sells its own proprietary brands of mulch, including "Timberline Pine Bark Nuggets" ("Timberline Mulch") and "NoFloat Cyprus Mulch" ("NoFloat Mulch"), and brands of mulch that use the registered trademarks of third-party entities, including "Preen Mulch Plus" ("Preen Mulch") (Oldcastle's aforesaid mulch products are collectively referred to herein as "Oldcastle Mulch"), to tens of thousands of purchasers nationwide, including those in the State of Illinois.

11.     Additionally, Oldcastle manufactures, packages, advertises, markets, and sells a private-label brand of mulch described herein as "Premium Mulch" ("Premium Mulch")

exclusively to Defendant Lowe's Home Centers, LLC ("Lowe's") for retail sale to tens of thousands of purchasers nationwide, including in the State of Illinois.

12.     Defendant Harvest Power, Inc. ("Harvest Power") is a Delaware corporation that has its principal place of business in Waltham, Massachusetts. Harvest Power, therefore, is a citizen of Delaware and Massachusetts. Harvest Power manufactures, packages, advertises, markets, and sells the private-label Premium Mulch product exclusively to Lowe's for retail sale to tens of thousands of purchasers nationwide, including in the State of California. Harvest Power does business in the State of California as Harvest Organics, Inc.

13.     Defendant Gro-Well Brands, Inc. ("Gro-Well") is a Delaware corporation that has its principal place of business in Tempe, Arizona. Gro-Well, therefore, is a citizen of Delaware and Arizona. Gro-Well manufactures, packages, advertises, markets, and sells the private-label Premium Mulch product exclusively to Lowe's for retail sale to tens of thousands of purchasers nationwide, including in the State of California.

14.     Lowe's is a North Carolina limited liability company that has its principal place of business in Wilkensboro, North Carolina. Lowe's, therefore, is a citizen of North Carolina. Lowe's does business as "Lowe's."

15.     Lowe's promotes, markets, and sells the Premium Mulch and Oldcastle Mulch products complained of herein in its home improvement retail stores to tens of thousands of purchasers nationwide, including those in the States of Illinois and California.

<u>**Background and Factual Allegations**</u>

***Premium Mulch***

16.     Premium Mulch is a private-label mulch product sold at retail exclusively by Lowe's.

17.     Lowe's contracts with Oldcastle, Harvest Power, and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch in various States, including the States of Illinois and California.

18.     Oldcastle, Harvest Power, and Gro-Well each manufactures, packages, distributes, and sells Premium Mulch exclusively to Lowe's, pursuant to their respective contractual agreements with Lowe's, and Lowe's sells Premium Mulch as a private-label product in its home improvement retail stores nationwide, including those in the States of Illinois and California.

19.     In the State of California, Lowe's sells Premium Mulch that is manufactured, packaged, and distributed by Harvest Power and Gro-Well.

20.     In the State of Illinois, Lowe's sells Premium Mulch that is manufactured, packaged, and distributed by Oldcastle.

21.     Pursuant to its respective contractual agreements with Oldcastle, Harvest Power, and Gro-Well, Lowe's directs, controls, and participates in Oldcastle's, Harvest Power's, and Gro-Well's manufacturing and packaging of the Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch.

22.     At the direction and under the control of Lowe's, Oldcastle, Harvest Power, and Gro-Well each packages and sells Premium Mulch in plastic bags of uniform size and volume.

23.     Upon information and belief, at the direction and under the control of Lowe's, Oldcastle, Harvest Power, and Gro-Well have each implemented and utilize a standard mechanized process for distributing a uniform amount of mulch in each bag of Premium Mulch. Each bag of Premium Mulch contains a uniform amount of mulch.

24.     At all relevant times, Lowe's knew the uniform amount of mulch distributed in each bag of Premium Mulch manufactured by Oldcastle, Harvest Power, and Gro-Well.

25.     At all relevant times, Oldcastle, Harvest Power, and Gro-Well each knew the uniform amount of mulch distributed in each bag of Premium Mulch that they manufactured for retail sale in Lowe's home improvement stores nationwide, including in the States of Illinois and California.

26.     Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and, pursuant to its respective contractual agreements with Oldcastle, Harvest Power, and Gro-Well, Lowe's directed Oldcastle, Harvest Power, and Gro-Well to utilize said bag in packaging the Premium Mulch.

27.     Lowe's was responsible for developing the textual and graphic content on the standard, uniform bag used to contain and sell Premium Mulch, including the representations on the bag regarding the amount of mulch in each bag of Premium Mulch, and Oldcastle, Harvest Power, and Gro-Well were each responsible for printing said content and representations on the bags of Premium Mulch.

28.     Lowe's, Oldcastle, Harvest Power, and Gro-Well were responsible for ensuring that the uniform amount of mulch distributed in each bag of Premium Mulch matched the representations on the bag regarding the amount of mulch in each bag of Premium Mulch.

29.     On each bag of Premium Mulch, Lowe's, Oldcastle, Harvest Power, and Gro-Well each represent that the bag contains two (2) cubic feet of mulch. Specifically, Lowe's, Oldcastle, Harvest Power, and Gro-Well each represent that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft."

30.     Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's representations relating to Premium Mulch are intended to convey to prospective purchasers of Premium Mulch that the mulch will suffice to fully cover a specifically defined area.  For example, on some bags of Premium Mulch, Lowe's, Oldcastle, Harvest Power, and Gro-Well each represent and warrant that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.  However, on other bags of Premium Mulch, Lowe's, Oldcastle, Harvest Power, and Gro-Well each represent and warrant that four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

31.     Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's representation regarding the forty-eight (48) square foot coverage of four (4) bags of Premium Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Premium Mulch.

32.     If four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches, then one (1) bag of Premium Mulch will necessarily cover twelve (12) square feet at a depth of two (2) inches.

33.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

34.     If there is less than two (2) cubic feet of mulch in a bag of Premium Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches, and, accordingly, four (4) bags of Premium Mulch will not cover forty-eight (48) square feet at a depth of two (2) inches. Moreover, it is mathematically impossible for four (4) bags of two (2) cubic feet of Premium Mulch to cover fifty (50) square feet at a depth of two (2) inches.  Thus, even if there is two (2) cubic feet of mulch in the bag, Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's representations that four (4) bags of two (2) cubic feet of Premium Mulch will cover fifty (50)

square feet at a depth of two (2) inches are still false.

*Oldcastle Mulch*

35.     Oldcastle has engaged in a nationwide advertising and marketing campaign relative to Oldcastle Mulch.

36.     Oldcastle directs and controls its own packaging, advertising, marking, and sales relative to Oldcastle Mulch, including directing and controlling the representations regarding Oldcastle Mulch on each bag of Oldcastle Mulch.

37.     Oldcastle packages and sells Oldcastle Mulch in plastic bags of uniform size and volume.

38.     Upon information and belief, Oldcastle has implemented and utilizes a standard mechanized process for distributing a uniform amount of mulch in each bag of Oldcastle Mulch. Each bag of Oldcastle Mulch contains a uniform amount of mulch.

39.     Oldcastle was responsible for developing the textual and graphic content on the standard, uniform bags used to contain and sell Oldcastle Mulch, including the representations on the bags regarding the amount of mulch in each bag of Oldcastle Mulch, and Oldcastle was responsible for printing said content and representations on the bags of Oldcastle Mulch.

40.     On each bag of Oldcastle Mulch, Oldcastle represents that the bag contains two (2) cubic feet of mulch.  Specifically, Oldcastle represents that the "Net Contents" of each bag of Oldcastle Mulch are "2 Cu. Ft."

41.     Oldcastle's representations and advertisements relating to Oldcastle Mulch are intended to convey to prospective purchasers of Oldcastle Mulch that the mulch will suffice to fully cover a specifically defined area.  For example, on each bag of Preen Mulch and Timberline Mulch, Oldcastle represents and warrants that one (1) bag of Preen Mulch or Timberline Mulch

will cover twelve (12) square feet at a depth of two (2) inches.

42.　　Oldcastle's representation regarding the coverage of one (1) bag of Preen Mulch and Timberline Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Preen Mulch and Timberline Mulch.

43.　　The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

44.　　If there is less than two (2) cubic feet of mulch in a bag of Preen Mulch or Timberline Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches.

### *Facts Relating to Plaintiffs*

45.　　Prior to purchasing their mulch, Plaintiffs were repeatedly exposed to and saw each Defendant's advertisements and representations described herein regarding (a) Defendants' brands of mulch, including Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch; (b) the amount of mulch in bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; and (c) the amount of square footage that Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch will cover at a depth of two (2) inches.

46.　　On May 1, 2014, and May 4, 2014, Joseph visited a Lowe's retail store located in Naperville, Illinois.

47.　　During each visit, and prior to making her purchases, Joseph was exposed to, saw, read, and understood Lowe's and Oldcastle's representations on their bags of Premium Mulch that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft," and that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.

48.　　During each visit, Joseph was exposed to, saw, read, and understood Oldcastle's representations on its bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch that the "Net

10

Contents" of each bag of mulch are "2 Cu. Ft."

49.     On May 1, 2014, Joseph purchased bags of Premium Mulch from Lowe's that were manufactured and packaged by Oldcastle. On May 4, 2014, Joseph purchased from Lowe's bags of Preen Mulch, Premium Mulch, Timberline Mulch, and NoFloat Mulch that were manufactured by Oldcastle.

50.     Joseph purchased the aforesaid mulch in reliance on Lowe's and Oldcastle's aforesaid promises, misrepresentations, and omissions contained on the packages of mulch.

51.     On April 13, 2014, McMillan visited a Lowe's retail store located in Bakersfield, California.

52.     During his visit, and prior to making his purchase, McMillan was exposed to, saw, read, and understood Lowe's, Harvest Power's, and Gro-Well's representations on their bags of Premium Mulch that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft," and that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.

53.     On April 13, 2014, McMillan purchased bags of Premium Mulch from Lowe's that were manufactured and packaged by Harvest Power and Gro-Well.

54.     McMillan purchased the aforesaid mulch in reliance on Lowe's, Harvest Power's, and Gro-Well's aforesaid promises, misrepresentations, and omissions contained on the packages of mulch.

55.     The bags of mulch purchased by Plaintiffs did not contain two (2) cubic feet of mulch, and in fact, contained substantially and materially less than two (2) cubic feet of mulch.

56.     The bags of mulch purchased by Plaintiffs contained approximately 1.50 cubic feet of mulch, or approximately 25% less than advertised.

57. Plaintiffs suffered injuries in fact and lost money as a result of Defendants' conduct described herein.

58. Had Plaintiffs known that the bags of mulch they purchased contained substantially and materially less than two (2) cubic feet of mulch, they would not have purchased the mulch, and/or would have paid substantially and materially less for the mulch.

59. Prior to purchasing the Premium Mulch and Oldcastle Mulch, Plaintiffs and any other prospective purchaser of these products are unable to ascertain the amount of mulch in the bags.

60. After Plaintiffs purchased the bags of mulch from Lowe's, Plaintiffs discovered that their bags of mulch did not contain two (2) cubic feet of mulch as advertised, and in fact, contained substantially and materially less mulch than two (2) cubic feet of mulch.

61. Thereafter, Plaintiffs' counsel retained a private investigator to further investigate the quantity of mulch contained in bags of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch. The private investigator purchased multiple bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch from three (3) Lowe's retail stores, and measured the amount of mulch contained in each bag. This investigation revealed that each bag of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch contained substantially and materially less than two (2) cubic feet of mulch (*i.e.*, an average of approximately 1.5 cubic feet of mulch, or 25% less mulch than advertised in each bag).

62. By "short packing" the bags of mulch, Defendants are able to (a) increase their profit margin per bag by selling a lesser amount of mulch than advertised, and (b) save money on the cost of freight, as they can put more bags of mulch on a truck if there is less mulch in the bag.

## Class Definitions

63.    Plaintiffs bring this lawsuit, both individually and as a class action on behalf of similarly situated purchasers of certain mulch products, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class definitions are, as follows:

> **Class 1:**    All individuals and entities in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, NoFloat Mulch and/or Premium Mulch from Lowe's on or after May 27, 2004.
>
> > **Subclass A:**    All individuals and entities in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch from Lowe's on or after May 27, 2004.
> >
> > **Subclass B:**    All individuals and entities in the United States who purchased one or more bags of Premium Mulch from Lowe's on or after May 27, 2004.
>
> **Class 2:**    All individuals and entities in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch from an individual or entity other than Lowe's on or after May 27, 2004.

## COUNT I
### (Fraudulent Misrepresentation – Against Oldcastle)
### *Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch*

64.    Plaintiff Amy Joseph repeats and realleges the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

65.    Plaintiff Amy Joseph brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  **The proposed Class consists of the members of Subclass A of Class 1, and the members of Class 2.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

66. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

67. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

    a.   whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

    b.   whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

    c.   whether Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

d.      whether Oldcastle misrepresented the amount of mulch contained in bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch, and the area that a bag of mulch will cover;

e.      whether Oldcastle's conduct as alleged herein constitutes fraudulent misrepresentation;

f.      whether Oldcastle acted fraudulently, wantonly, and/or maliciously in representing to Plaintiff and the Class that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch;

g.      whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

h.      whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

68.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

69.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

70.    Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

71. Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

72. Plaintiff Amy Joseph brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to them by Oldcastle regarding the quantity of mulch contained in the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

73. Oldcastle falsely and fraudulently represented to Plaintiff and the Class members that the Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and that one bag of mulch will cover twelve (12) square feet at depth of two (2) inches.

74. When said representations were made, Oldcastle knew those representations to be false and it willfully, wantonly, and recklessly disregarded whether the representations were true.

75. These representations were made by Oldcastle with the intent of defrauding and deceiving Plaintiff and the Class members.

76. At the time these representations were made by Oldcastle, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

77. In reliance upon said representations, Plaintiff and the Class members purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, thereby sustaining damage and injury.

78. Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiff and the Class members damage and injury.

79. As a direct and proximate result of the foregoing, the Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amy Joseph, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff Amy Joseph as representative of the Class, and her undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D. Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch; or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
### (Fraudulent Misrepresentation – Against all Defendants)
### *Regarding Premium Mulch*

80. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

*Class Allegations*

81.     Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. **The proposed Class consists of the members of Subclass B of Class 1.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

82.     Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch; (3) Harvest Power maintains thirty (30) operating sites in North America, and sells nearly 33 million bags of soil, mulch, and fertilizer products annually; and (4) Gro-Well is the largest company in the

Southwest United States specializing in the production and marketing of all natural and organic products, including mulch products, with production facilities in Arizona, New Mexico, Idaho, and California, and Gro-Well sells its mulch products to home improvement retailers throughout the country, including Lowe's.

83.     There are questions of law and fact common to the Class, which predominate over any individual issues, including:

      a.      whether Lowe's contracts with Oldcastle, Harvest Power, and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

      b.      whether Lowe's directs, controls, and participates in Oldcastle's, Harvest Power's, and Gro-Well's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

      c.      whether Oldcastle, Harvest Power, and Gro-Well have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

      d.      whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle, Harvest Power, and Gro-Well to utilize said bag in packaging the Premium Mulch;

      e.      whether Oldcastle, Harvest Power, and Gro-Well distribute in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

      f.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

      g.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well misrepresented the amount of mulch contained in bags of Premium Mulch, and the area that a bag of mulch will cover;

      h.      whether Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's conduct as alleged herein constitutes fraudulent misrepresentation;

      i.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well acted fraudulently, wantonly, and/or maliciously in representing to Plaintiffs and

the Class that bags of Premium Mulch contained two (2) cubic feet of mulch;

j.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

k.      whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

84.     Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

85.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

86.     Unless a class is certified, Lowe's will retain monies received as a result of its conduct that was wrongfully taken from Plaintiffs and Class members. Unless an injunction is issued, Lowe's, Oldcastle, Harvest Power, and Gro-Well will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

87.     Lowe's, Oldcastle, Harvest Power, and Gro-Well have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

88.     Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to them by Lowe's, Oldcastle, Harvest Power, and Gro-Well regarding the quantity of mulch contained in the bags of Premium Mulch.

89.     Lowe's, Oldcastle, Harvest Power, and Gro-Well falsely and fraudulently represented to Plaintiffs and the Class members that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

90.     When said representations were made, Lowe's, Oldcastle, Harvest Power, and Gro-Well knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

91.     These representations were made by Lowe's, Oldcastle, Harvest Power, and Gro-Well with the intent of defrauding and deceiving Plaintiffs and the Class members.

92.     At the time these representations were made by Lowe's, Oldcastle, Harvest Power, and Gro-Well, Plaintiffs and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

93.     In reliance upon said representations, Plaintiffs and the Class members purchased Premium Mulch, thereby sustaining damage and injury.

94.     Lowe's, Oldcastle, Harvest Power, and Gro-Well knew or should have known that the bags of Premium Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiffs and the Class members damage and injury.

95. As a direct and proximate result of the foregoing, the Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendants Lowe's, Oldcastle, Harvest Power, and Gro-Well;

D. Enjoining Defendants Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's illegal conduct and ordering Lowe's, Oldcastle, Harvest Power, and Gro-Well to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Oldcastle, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E. Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### (Unjust Enrichment – Against Oldcastle)
### *Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch *

96.     Plaintiff Amy Joseph repeats and realleges the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

97.     Plaintiff Amy Joseph brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  **The proposed Class consists of the members of Subclass A of Class 1, and the members of Class 2.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiff reserves the right to amend the Class definition as necessary.

98.     Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden

products, including mulch.

99.     There are questions of law and fact common to the Class, which predominate over

any individual issues, including:

          a.       whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

          b.       whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

          c.       whether Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

          d.       whether Oldcastle accepted the benefit of the purchase price of Preen Mulch, Timberline Mulch, and NoFloat Mulch based on its misrepresentations and omissions regarding the quantity of Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiff and the Class members;

          e.       whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

          f.       whether Oldcastle's retention of the monies Plaintiff and the Class members paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience;

          g.       whether equity and good conscience require that Oldcastle return the money with interest to the Plaintiff and the Class members; and

          h.       whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

100.     Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will

fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not

have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent

counsel experienced in the prosecution of this type of litigation. The questions of law and fact

common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

101.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

102.    Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

103.    Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

104.    Plaintiff Amy Joseph brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

105.    As a direct and proximate result of Oldcastle's misconduct as set forth above, Oldcastle has been unjustly enriched.

106.    Specifically, by its misconduct described herein, Oldcastle has accepted a benefit (*i.e.,* monies paid by Plaintiff and Class members for the purchase of Preen Mulch, Timberline Mulch, and NoFloat Mulch) to the detriment of Plaintiff and the Class members.

107.    Oldcastle's retention of the monies paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience.

108.   Oldcastle accepted the benefit based on its misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiff and the Class members, and it would be inequitable for Oldcastle to retain the benefit of those monies, as it was paid the money under false pretenses.

109.   Oldcastle has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that Oldcastle return the money with interest to the Plaintiff and the Class members.

110.   As a direct and proximate result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amy Joseph, individually and on behalf of the Class, prays for an Order as follows:

A.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.   Designating Plaintiff Amy Joseph as representative of the Class, and her undersigned counsel as Class Counsel;

C.   Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D.   Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.   Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.  Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.  Granting all such further and other relief as the Court deems just and appropriate.


### COUNT IV
**(Unjust Enrichment – Against all Defendants)**
**(*pleaded against Lowe's in the alternative to Count VII*)**
**\* Regarding Premium Mulch \***

111.  Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

112.  Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  **The proposed Class consists of the members of Subclass B of Class 1.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiffs reserve the right to amend the Class definition as necessary.

113.  Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based

upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch; (3) Harvest Power maintains thirty (30) operating sites in North America, and sells nearly 33 million bags of soil, mulch, and fertilizer products annually; and (4) Gro-Well is the largest company in the Southwest United States specializing in the production and marketing of all natural and organic products, including mulch products, with production facilities in Arizona, New Mexico, Idaho, and California, and Gro-Well sells its mulch products to home improvement retailers throughout the country, including Lowe's.

114. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

    a.    whether Lowe's contracts with Oldcastle, Harvest Power, and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

    b.    whether Lowe's directs, controls, and participates in Oldcastle's, Harvest Power's, and Gro-Well's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

    c.    whether Oldcastle, Harvest Power, and Gro-Well have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

    d.    whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle, Harvest Power, and Gro-Well to utilize said bag in packaging the Premium Mulch;

e.  whether Oldcastle, Harvest Power, and Gro-Well distribute in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.  whether Lowe's, Oldcastle, Harvest Power, and Gro-Well knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.  whether Lowe's, Oldcastle, Harvest Power, and Gro-Well accepted the benefit of the purchase price of Premium Mulch based on their misrepresentations and omissions regarding the quantity of Premium Mulch to the Plaintiffs and the Class members;

h.  whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

i.  whether Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's retention of the monies Plaintiffs and the Class members paid for Premium Mulch violates the fundamental principles of justice, equity, and good conscience;

j.  whether equity and good conscience require that Lowe's, Oldcastle, Harvest Power, and Gro-Well return the money with interest to the Plaintiffs and the Class members; and

k.  whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

115.  Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

116.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.

The trial and the litigation of Plaintiffs' claims are manageable.

117.    Unless a class is certified, Lowe's, Oldcastle, Harvest Power, and Gro-Well will retain monies received as a result of their conduct that was wrongfully taken from Plaintiffs and Class members.  Unless an injunction is issued, Lowe's, Oldcastle, Harvest Power, and Gro-Well will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

118.    Lowe's, Oldcastle, Harvest Power, and Gro-Well have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

119.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

120.    As a direct and proximate result of Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's misconduct as set forth above, Lowe's, Oldcastle, Harvest Power, and Gro-Well have been unjustly enriched.

121.    Specifically, by their misconduct described herein, Lowe's, Oldcastle, Harvest Power, and Gro-Well have accepted a benefit (*i.e.,* monies paid by Plaintiffs and Class members for the purchase of Premium Mulch) to the detriment of Plaintiffs and the Class members.

122.    Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's retention of the monies paid for Premium Mulch violates the fundamental principles of justice, equity, and good conscience.

123.     Lowe's, Oldcastle, Harvest Power, and Gro-Well accepted the benefit based on their misrepresentations and omissions regarding Premium Mulch to the Plaintiffs and the Class

members, and it would be inequitable for Lowe's, Oldcastle, Harvest Power, and Gro-Well to retain the benefit of those monies, as they were paid the money under false pretenses.

124.    Lowe's, Oldcastle, Harvest Power, and Gro-Well have obtained money to which they are not entitled, and interest on that money, and under these circumstances equity and good conscience require that Lowe's, Oldcastle, Harvest Power, and Gro-Well return the money with interest to the Plaintiffs and the Class members.

125.    As a direct and proximate result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiffs and the Class and against Defendants Lowe's, Oldcastle, Harvest Power, and Gro-Well;

D.    Enjoining Defendants Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's illegal conduct and ordering Lowe's, Oldcastle, Harvest Power, and Gro-Well to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Oldcastle, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E.    Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT V
**(Violation of the Consumer Fraud and Deceptive Trade Practices Acts of the Various States and District of Columbia – Against Oldcastle)**
*** Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch ***

126. Plaintiff Amy Joseph repeats and realleges the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

127. Plaintiff Amy Joseph brings this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. **The proposed Class consists of the members of Subclass A of Class 1, and the members of Class 2.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

128. Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based

upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

129.     There are questions of law and fact common to the Class, which predominate over any individual issues, including:

   a.   whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

   b.   whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

   c.   whether Oldcastle misrepresented that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and the area that a bag of mulch will cover;

   d.   whether Oldcastle failed to disclose that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet;

   e.   whether Oldcastle's misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch are deceptive or misleading;

   f.   whether Oldcastle engaged in false, deceptive, and/or misleading advertising;

   g.   whether Oldcastle's conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;

   h.   whether Oldcastle's conduct as alleged herein violates public policy;

   i.   whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

j.       whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

130.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

131.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

132.    Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

133.    Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

134.    Plaintiff Amy Joseph brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for violations by Oldcastle of the respective statutory consumer protection laws, as follows:

a.      the Alaska Unfair Trade Practices And Consumer Protection Act, AS § 45.50.471, *et seq.*;

b.      the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

c.      the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

d.      the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* and 17500 *et seq.*;

e.      the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

f.      the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

g.      the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

h.      the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

i.      the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

j.      the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

k.      the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

l.      the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

m.      the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

n.      the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

o.      the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.      the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.      the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.      the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s.      the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.      the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.      the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.      the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.      the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

x.      the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

y.      the "Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

z.      the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

aa.     the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*

bb.     the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

cc.     the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

dd.     the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ee.     the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

ff.     the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

gg.     the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

hh.     the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

ii.     the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;
jj.     the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

kk.     the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

ll.     the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

mm.    the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

nn.    the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

oo.    the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

pp.    the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

qq.    the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

rr.    the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

ss.    the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

tt.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

uu.    the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

vv.    the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

ww.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

135.    Oldcastle's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch, as set forth in herein, are deceptive and/or unfair acts or practices prohibited by the consumer fraud statutes set forth above.

136.    Oldcastle intended to be deceptive and/or unfair to Plaintiff and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Oldcastle provided accurate information, Plaintiff and the Class members would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch.

137. Oldcastle's practice of advertising and marketing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch—when in fact each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiff and the Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the foregoing statutes.

138. Oldcastle intended to be unfair to Plaintiff and the Class by unlawfully representing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch as described above.

139. Oldcastle intended that Plaintiff and the Class rely on Oldcastle's misrepresentations regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch when purchasing the mulch. Moreover, Oldcastle intended that Plaintiff and the Class rely on Oldcastle's failures to disclose to or notify Plaintiff and the Class that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained substantially less than two (2) cubic feet of mulch.

140. Plaintiff and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing Oldcastle's advertising and marketing of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

141. Had Plaintiff and the Class members known the truth, they would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, and/or would have paid substantially and materially less money for it.

142. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiff and the Class.

143. The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers. Purchasers of Preen Mulch, Timberline Mulch, and NoFloat Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little alternative or meaningful choice but to purchase Preen Mulch, Timberline Mulch, and NoFloat Mulch, and trust in Oldcastle's representations regarding the amount of mulch contained therein.

144. As a direct and proximate result of the foregoing, the Plaintiff and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amy Joseph, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff Amy Joseph as representative of the Class, and her undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D. Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.      Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VI
**(Violation of the Consumer Fraud and Deceptive Trade Practices Acts
of the Various States and District of Columbia – Against All Defendants)**
*\* Regarding Premium Mulch \**

145.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

146.    Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Premium Mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure. **The proposed Class consists of the members of Subclass B of Class 1.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiffs reserve the right to amend the Class definition as necessary.

147.    Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) Oldcastle sells its

40

Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch; (3) Harvest Power maintains thirty (30) operating sites in North America, and sells nearly 33 million bags of soil, mulch, and fertilizer products annually; and (4) Gro-Well is the largest company in the Southwest United States specializing in the production and marketing of all natural and organic products, including mulch products, with production facilities in Arizona, New Mexico, Idaho, and California, and Gro-Well sells its mulch products to home improvement retailers throughout the country, including Lowe's.

148.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a.    whether Lowe's contracts with Oldcastle, Harvest Power, and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

b.    whether Lowe's directs, controls, and participates in Oldcastle's, Harvest Power's, and Gro-Well's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

c.    whether Oldcastle, Harvest Power, and Gro-Well have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d.    whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle, Harvest Power, and Gro-Well to utilize said bag in packaging the Premium Mulch;

e.    whether Oldcastle, Harvest Power, and Gro-Well distribute in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.       whether Lowe's, Oldcastle, Harvest Power, and Gro-Well knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well misrepresented the amount of mulch contained in bags of Premium Mulch, and the area that a bag of mulch will cover;

h.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well failed to disclose that bags of Premium Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet;

i.      whether Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's misrepresentations and omissions regarding Premium Mulch are deceptive or misleading;

j.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well engaged in false, deceptive, and/or misleading advertising;

k.      whether Lowe's, Oldcastle, Harvest Power, and Gro-Well conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;

l.      whether Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's conduct as alleged herein violates public policy;

m.      whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

n.      whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

149.   Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

150.	A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

151.	Unless a class is certified, Lowe's, Oldcastle, Harvest Power, and Gro-Well will retain monies received as a result of their conduct that was wrongfully taken from Plaintiffs and Class members. Unless an injunction is issued, Lowe's, Oldcastle, Harvest Power, and Gro-Well will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

152.	Lowe's, Oldcastle, Harvest Power, and Gro-Well have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

153.	Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for violations by Lowe's, Oldcastle, Harvest Power, and Gro-Well of the respective statutory consumer protection laws, as follows:

   a.	the Alaska Unfair Trade Practices And Consumer Protection Act, AS § 45.50.471, *et seq.*;

   b.	the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

   c.	the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

   d.	the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* and 17500 *et seq.*;

   e.	the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

f.      the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

g.      the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

h.      the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

i.      the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

j.      the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

k.      the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

l.      the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

m.      the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

n.      the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

o.      the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.      the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.      the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.      the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s.      the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.      the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.      the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.      the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.      the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

x.      the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

y.       the "Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

z.       the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

aa.      the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*

bb.      the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

cc.      the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

dd.      the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ee.      the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

ff.      the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

gg.      the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

hh.      the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

ii.      the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

jj.      the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

kk.      the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

ll.      the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

mm.      the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

nn.      the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

oo.      the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

pp.      the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

qq.    the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

rr.    the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

ss.    the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

tt.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

uu.    the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

vv.    the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

ww.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

154.    Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Premium Mulch, as set forth herein, are deceptive and/or unfair acts or practices prohibited by the consumer fraud statutes set forth above.

155.    Lowe's, Oldcastle, Harvest Power, and Gro-Well intended to be deceptive and/or unfair to Plaintiffs and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Lowe's, Oldcastle, Harvest Power, and Gro-Well provided accurate information, Plaintiffs and the Class members would not have purchased Premium Mulch.

156.    Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's practice of advertising and marketing that each bag of Premium Mulch contains two (2) cubic feet of mulch—when in fact each bag of Premium Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiffs and the Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the foregoing statutes.

157. Lowe's, Oldcastle, Harvest Power, and Gro-Well intended to be unfair to Plaintiffs and the Class by unlawfully representing that each bag of Premium Mulch contains two (2) cubic feet of mulch as described above.

158. Lowe's, Oldcastle, Harvest Power, and Gro-Well intended that Plaintiffs and the Class rely on Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's misrepresentations regarding the amount of mulch contained in each bag of Premium Mulch when purchasing the mulch. Moreover, Lowe's, Oldcastle, Harvest Power, and Gro-Well intended that Plaintiffs and the Class rely on Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's failure to disclose to or notify Plaintiffs and the Class that the bags of Premium Mulch contained substantially less than two (2) cubic feet of mulch.

159. Plaintiffs and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's advertising and marketing of Premium Mulch.

160. Had Plaintiffs and the Class members known the truth, they would not have purchased Premium Mulch, and/or would have paid substantially and materially less money for it.

161. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiffs and the Class.

162. The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers. Purchasers of Premium Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little alternative or meaningful choice but

to purchase Premium Mulch, and trust in Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's representations regarding the amount of mulch contained therein.

163. As a direct and proximate result of the foregoing, the Plaintiffs and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendants Lowe's, Oldcastle, Harvest Power, and Gro-Well;

D. Enjoining Defendants Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's illegal conduct and ordering Lowe's, Oldcastle, Harvest Power, and Gro-Well to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Oldcastle, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Oldcastle's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E. Awarding Plaintiffs and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiffs and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VII
### (Breach of Contract – Against Lowe's)
### (*pleaded in the alternative to Count IV*)
### *\* Regarding Preen Mulch, Timberline Mulch, NoFloat Mulch, and Premium Mulch \**

164.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

### *Class Allegations*

165.    Plaintiffs bring this Count, both individually and as a class action on behalf of similarly situated purchasers of Oldcastle Mulch and Premium Mulch from Lowe's, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  **The proposed Class consists of the members of Class 1.**

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.   Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiffs reserve the right to amend the Class definition as necessary.

166.    Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiffs believe that there are thousands of Class members based upon the fact that Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013.

167.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a. whether Lowe's contracts with Oldcastle, Harvest Power, and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

b. whether Lowe's directs, controls, and participates in Oldcastle's, Harvest Power's, and Gro-Well's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

c. whether Oldcastle, Harvest Power, and Gro-Well have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d. whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle, Harvest Power, and Gro-Well to utilize said bag in packaging the Premium Mulch;

e. whether Oldcastle, Harvest Power, and Gro-Well distribute in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f. Whether Lowe's promised that the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that it sells contain two (2) cubic feet of mulch, and will cover a specified area;

g. Whether an contract implied in fact was created between Lowe's and Plaintiffs and the Class members relative to the purchase and sale of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

h. Whether an contract implied in law was created between Lowe's and Plaintiffs and the Class members relative to the purchase and sale of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch;

i. Whether Lowe's breached a contract implied in fact or law with Plaintiffs and the Class members by failing to provide and sell to Plaintiffs and the Class members bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that contain two (2) cubic feet of mulch; and

j. whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss.

168. Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interests antagonistic to those of the proposed Class. Plaintiffs have retained

competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

169.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

### *Substantive Allegations*

170.    Plaintiffs bring this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for Lowe's breach of contract regarding the quantity of mulch contained in the bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

171.    As set forth above, on May 1, 2014 and May 4, 2014, Lowe's offered for sale to Joseph bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch in exchange for money. Lowe's made the same offer for sale to the Class members during the Class period.

172.    On May 1, 2014 and May 4, 2014, Joseph accepted Lowe's offer for sale of bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; purchased the bags of mulch; and paid Lowe's said money. Simiarly, the Class members accepted Lowe's offer for sale of bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; purchased the bags of mulch; and paid Lowe's said money during the Class period.

173.    As set forth above, on April 13, 2014, Lowe's offered for sale to McMillan bags of Premium Mulch in exchange for money.

174. On April 13, 2014, McMillan accepted Lowe's offer for sale of bags of Premium Mulch; purchased the bags of mulch; and paid Lowe's said money.

175. Lowe's failure to provide bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch that contain two (2) cubic feet of mulch constitutes a breach of contract implied in fact or law between Lowe's and Plaintiffs and the Class members.

176. Plaintiffs and the Class members performed all of their obligations under the contracts created with Lowe's relative to their purchase of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch.

177. As a direct and proximate result of the foregoing, the Plaintiffs and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant Lowe's;

D. Awarding Plaintiffs and the Class compensatory damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

E. Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Plaintiffs AMY JOSEPH and GLENN McMILLAN, individually, and on behalf of all others similarly situated,

By:    s/ Thomas A. Zimmerman, Jr.

       Thomas A. Zimmerman, Jr. (IL #6231944)
       Adam M. Tamburelli (IL #6292017)
       Frank J. Stretz (IL #6310264)
       Matthew C. De Re (IL #6317913)
       ZIMMERMAN LAW OFFICES, P.C.
       77 West Washington Street, Suite 1220
       Chicago, Illinois 60602
       (312) 440-0020 Telephone
       (312) 440-4180 Facsimile
       www.attorneyzim.com

Counsel for the Plaintiffs and Putative Class