IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY JOSEPH, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br> v. <br><br> LOWE'S HOME CENTERS, LLC, a North <br> Carolina limited liability company, and <br> OLDCASTLE LAWN & GARDEN, INC., <br> a Delaware corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 14 C 3866 <br><br> Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Amy Joseph, an Illinois citizen, and Glenn McMillan, a California citizen, filed a seven-count first amended complaint against defendants Lowe's Home Centers, LLC ("Lowe's"), Oldcastle Lawn & Garden, Inc. ("Oldcastle"), Harvest Power, Inc. ("Harvest"), and Gro-Well Brands, Inc. ("Gro-Well"), alleging fraudulent misrepresentation (Counts I and II), unjust enrichment (Counts III and IV), violations of various states' Consumer Fraud and Deceptive Practices Acts (Counts V and VI), and breach of contract (Count VII). Defendants Lowe's and Oldcastle each filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Harvest and Gro-Well filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. On May 7, 2015, plaintiff Joseph voluntarily dismissed her claims against defendants Gro-Well and Harvest in light of the personal jurisdiction issues raised by defendants' motion. Similarly, on May 7, 2015, plaintiff McMillan

voluntarily dismissed his entire case.[1] Accordingly, the motions presently before the court are defendant Lowe's' and defendant Oldcastle's motions to dismiss. For the reasons discussed below, the court grants in part and denies in part Lowe's' motion. Lowe's' motion to dismiss is denied as to all counts except Count VII. Oldcastle's motion to dismiss is denied.

## **BACKGROUND**[2]

On May 1, 2014, plaintiff Joseph purchased bags of Premium Mulch, which were manufactured and packaged by Oldcastle, from Lowe's' retail store located in Naperville, Illinois. On May 4, 2014, Joseph returned to the store and purchased additional bags of Premium Mulch, along with bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch, which were also manufactured by Oldcastle. Plaintiff alleges that the bags she purchased did not contain the advertised two cubic feet of mulch, but instead contained approximately 1.50 cubic feet of mulch. As a result of the shortage, four bags of mulch did not cover 48 square feet at a depth of two inches as represented on the bags plaintiff purchased. Plaintiff alleges that "[b]y 'short packing' the bags of mulch, Defendants are able to (a) increase their profit margin per bag by selling a lesser amount of mulch than advertised, and (b) save money on the cost of freight, as they can put more bags of mulch on a truck if there is less mulch in the bag."

According to plaintiff, Premium Mulch "is a private-label mulch product sold at retail exclusively by Lowe's." Plaintiff alleges that Lowe's contracts with Oldcastle to manufacture and package Premium Mulch for its Illinois stores. However "[p]ursuant to its respective

---

[1] These voluntary dismissals will require the remaining plaintiff to file a second amended complaint.

[2] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

contractual agreements" with Oldcastle, "Lowe's directs, controls, and participates" in the product's manufacturing and packaging, "including directing and controlling the representations" made on each bag. Plaintiff contends that under Lowe's' direction and control, defendants sell Premium Mulch in plastic bags, which are created and developed by Lowe's, of uniform size and volume. Lowe's is also allegedly "responsible for developing the textual and graphic content on the standard, uniform bag used to contain and sell Premium Mulch." Plaintiff alleges that Lowe's and the other defendants "knew the uniform amount of mulch distributed in each bag of Premium Mulch."

Plaintiff alleges that in addition to manufacturing and packaging Lowe's Premium Mulch, Oldcastle also manufacturers, advertises, markets, and sells its own proprietary brands of mulch, including Timberline Mulch, NoFloat Mulch, and Preen Mulch (collectively "Oldcastle Mulch"). According to plaintiff, "Oldcastle directs and controls its own packaging, advertising, marking [sic], and sales relative to Oldcastle Mulch, including directing and controlling the representations regarding Oldcastle Mulch on each bag of Oldcastle Mulch." Oldcastle is also responsible for developing the textual and graphic content on the standard, uniform bags used to contain and sell its mulch. Plaintiff alleges that Oldcastle Mulch is sold "in plastic bags of uniform size and volume" and that "Oldcastle has implemented and utilizes a standard mechanized process for distributing a uniform amount of mulch in each bag of Oldcastle Mulch."

## DISCUSSION

**A.     Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B.     Analysis**

Counts I and II of plaintiff's complaint allege that defendants fraudulently misrepresented the amount of mulch sold in each bag of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch. Under Illinois law, the elements of a cause of action for fraudulent misrepresentation are: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. JF Enter., LLC v. Fifth Third Bank, 824 F.Supp.2d 818, 823 (N.D. Ill. 2011) (citing Prime Leasing, Inc. v. Kendig, 773 N.E.2d 84, 94 (Ill. App. Ct. 2002)).

Counts III and IV of plaintiff's complaint allege that defendants were unjustly enriched as a result of their misrepresentations concerning the amount of mulch contained in each bag. To state a claim for unjust enrichment in Illinois, "'a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" Williams v. Nat'l Hous. Exch., Inc., 949 F.Supp. 650, 652 (N.D. Ill. 1996) (quoting HPI Health Care v. Mt. Vernon Hosp., 545 N.E.2d 672, 679 (Ill. 1989)).

Counts V and VI of plaintiff's complaint allege that defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 ILCS 505/1 et seq.[3] To state a claim under the CFA, a plaintiff must allege that: (1) the defendant engaged in a deceptive act or practice; (2) with the intent that the plaintiff rely on the deception; (3) in the course of trade or commerce; and (4) the deception was the proximate cause of the claimant's alleged injury. See Neff v. Capital Acquisitions & Mgmt. Co., 238 F.Supp.2d 986, 994 (N.D. Ill. 2002).

Plaintiff's fraud-based counts (Counts I, II, V, and VI) are subject to the heightened pleading standards of Rule 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As used in Rule 9(b), "circumstances" means the "who, what, where, when, and how" of the alleged fraud. Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992) (the plaintiff must "state the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the

---

[3] Plaintiff concedes in her response brief to Oldcastle's motion to dismiss that she does not have standing to assert claims under the laws of any state other than Illinois. Accordingly, Counts V and VI of plaintiff's complaint are limited to asserting claims under the CFA.

plaintiff") (internal quotation omitted). In a multiple-defendant case, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." <u>Vicom, Inc. v. Harbridge Merch, Servs.</u>, 20 F.3d 771, 778 (7th Cir. 1994) (internal quotations omitted).

      **1.     Lowe's' Motion to Dismiss**[4]

Defendant Lowe's argues that plaintiff's fraud-based claims (Counts II, IV, and VI) should be dismissed because plaintiff has failed to allege plausible facts supporting the fraud. First, Lowe's argues that as a retailer it cannot be held liable for misrepresentations made by Oldcastle. Lowe's contends that plaintiff's allegations that it "directs" and "controls" the representations placed on the mulch bags and the amount of mulch placed in each bag by the manufacturers are insufficient to "state a plausible claim" that "Lowe's actively participate[d] in a scheme to 'short pack' the bags."

Second, Lowe's argues that plaintiff's fraud-based claims should be dismissed because plaintiff has not provided factual allegations to support her claim that Lowe's knew of any short-packing scheme. Moreover, Lowe's argues that "[t]here are no allegations plausibly suggesting that Lowe's knew of a defect" with the amount of mulch in the bags. Third, Lowe's argues that plaintiff has failed to allege any fraudulent statement, and even if she has, she has not alleged sufficient facts to attribute the statement to Lowe's.

As a threshold matter, the court rejects Lowe's' contention that plaintiff has failed to allege a fraudulent statement or facts that make such a statement attributable to Lowe's. Plaintiff's amended complaint alleges that the Premium Mulch bags she purchased at Lowe's

---

[4] By agreement of the parties, defendant Lowe's' motion to dismiss is granted with respect to plaintiff's breach of contract claim (Count VII).

represented that they each contained two cubic feet of mulch. Plaintiff alleges that Lowe's was responsible for the representations made on the bags, including the amount of mulch in the bags. According to plaintiff, the bags she purchased did not contain two cubic feet of mulch. Consequently, plaintiff alleges that Lowe's fraudulently misrepresented the amount of mulch in the Premium Mulch bags she purchased.

The court also disagrees with Lowe's' contention that plaintiff's allegations do not demonstrate both that Lowe's had knowledge of the short-packing scheme or that Lowe's participated in the scheme. As discussed above, plaintiff not only alleges that Lowe's "created and developed a standard, uniform bag to contain and sell Premium Mulch," but also that it "was responsible for developing the textual and graphic content on the standard, uniform bag used to contain and sell Premium Mulch, including the representations on the bag regarding the amount of mulch in each bag of Premium Mulch." Plaintiff's complaint further alleges that at Lowe's direction and control Oldcastle utilized a standardized process for distributing a uniform amount of mulch into each bag of Premium Mulch and that Lowe's knew the uniform amount of mulch placed into each bag by Oldcastle. These allegations, taken with plaintiff's allegation that the bags contained substantially less mulch than the advertised two cubic feet, are sufficient to plausibly suggest that Lowe's both knew of the alleged short-packing scheme and participated in it.

Lowe's argues that plaintiff's claim for unjust enrichment (Count IV) should also be dismissed because it "is premised on the allegation that it would be inequitable for Lowe's to retain the money paid for Premium Mulch because of its 'misrepresentations and omissions.'" According to Lowe's, because the unjust enrichment claim is based on the same allegations of

7

fraud discussed above, it too must fail.  Because plaintiff has sufficiently pled fraud, however, her claim for unjust enrichment based on Lowe's' alleged fraud survives as well.

### 2. Oldcastle's Motion to Dismiss

Defendant Oldcastle argues that plaintiff's fraud-based counts (Counts I, II, V, and VI) should be dismissed because plaintiff has failed to meet the pleading standards under Fed. R. Civ. P. 8 and 9(b).  Oldcastle contends that with respect to Counts I and II, plaintiff merely outlines the elements of common law fraud, without "specific facts to support the plausibility of Oldcastle's conduct."  More specifically, Oldcastle asserts that plaintiff's allegations concerning the allegedly deficient quantity of mulch in each bag purchased are "woefully generalized" and that plaintiff's allegations "lump[ ] together various brands" of mulch, preventing Oldcastle from being able "to differentiate what deficiencies it may have had in its mulch vis a vis deficiencies in the mulch of other Defendants."  As to Counts V and VI, Oldcastle complains that plaintiff has not pled facts sufficient to satisfy the CFA.

As with its ruling on Lowe's' motions, the court finds that plaintiff has pled sufficient facts with respect to Oldcastle to survive a motion to dismiss.  Contrary to Oldcastle's arguments, plaintiff's complaint includes more than a mere outline of the elements of fraud.  Plaintiff alleges that "[d]uring each visit" to Lowe's she "was exposed to, saw, read, and understood Oldcastle's representations on its bags of [mulch] that the 'Net Contents' of each bag of mulch are '2 Cu. Ft."  On two different dates (May 1, 2014, and May 4, 2014) plaintiff purchased from Lowe's bags of Oldcastle Mulch.  Plaintiff further alleges that she purchased the bags of mulch in reliance on the representations made on each bag.

8

While plaintiff does not specify the exact amount of mulch in each bag of Oldcastle Mulch she purchased, the pleading requirements under Rule 9(b) do not require her to do so. Nor is she required under the federal rules to provide information concerning how she measured the amount of mulch in each bag. As plaintiff points out, the heightened pleading requirements under Rule 9(b) merely require a plaintiff to allege the "who, what, where, when, and how" of the alleged fraud. Uni*Quality, 974 F.2d at 923. The complaint alleges that Oldcastle (who) short-packed bags of mulch (what) sold at Lowe's in Naperville, Illinois (where) purchased by plaintiff on May 1 and 4, 2014 (when), by packing each bag with less mulch than advertised (how).

The complaint does not, as Oldcastle contends, "lump together various brands" of mulch, preventing Oldcastle from being able "to differentiate what deficiencies it may have had" with its bags of mulch versus issues the other defendants might have had with their mulch bags. Instead, it specifically states that plaintiff purchased bags of mulch in Illinois, manufactured by Oldcastle, and that these "bags . . . contained approximately 1.50 cubic feet of mulch, or approximately 25% less than advertised." Drawing all reasonable inferences in the plaintiff's favor, as the court is required to do, plaintiff's allegations are sufficient to plausibly suggest that the bags of Oldcastle Mulch she purchased in Illinois each contained approximately 1.50 cubic feet of mulch. Sprint Spectrum, 361 F.3d at 1001.

Contrary to Oldcastle's contention, plaintiff does not allege with respect to the bags she purchased that they were on "average" 25% below the advertised volume. The complaint discusses only an average volume of mulch in reference to the bags purchased by plaintiff's private investigator. Because plaintiff's claims are based only on her own purchases, not those

of the investigator, this allegation is superfluous to plaintiff's fraud allegations, which are sufficient to plausibly state a claim for both fraudulent misrepresentation and violations of the CFA.

Oldcastle also argues that plaintiff's claims for unjust enrichment (Counts III and IV) should be dismissed because they are based on plaintiff's fraud allegations, which Oldcastle argues are not sufficient. As discussed by the court above, this argument fails because plaintiff's allegations of fraud are sufficiently pled. Oldcastle further complains that even if plaintiff's unjust enrichment claims can stand on their own, they should fail because "they consist of threadbare recitals of the elements of unjust enrichment accompanied only by conclusory statements about Oldcastle's conduct that are not grounded in any factual support." However, Oldcastle does not specify what about the allegations are actually "threadbare," and the court cannot find any such deficiency.

Plaintiff has alleged that Oldcastle misrepresented the amount of mulch in the bags she purchased, that based on these misrepresentations she purchased the mulch, and as such Oldcastle has been unjustly benefitted. These allegations are more than sufficient to establish a claim for unjust enrichment. Because the unjust enrichment claims are premised on plaintiff's underlying allegations of fraud, which this court has found to be adequately pled, the court need not address Oldcastle's arguments concerning the need to allege a separate legal duty. Consequently, the court finds that plaintiff's claims for unjust enrichment are sufficient to plausibly suggest that she has a right to relief.

Finally, the court grants Oldcastle's request to strike the allegations related to Count II that defendants fraudulently represented to plaintiff that four bags of Premium Mulch will cover

50 square feet at a depth of two inches. Because plaintiff alleges that the bags she purchased represented that four bags of Premium Mulch would cover 48 square feet at a depth of two inches, she cannot rely on the representations McMillan allegedly relied on when purchasing Premium Mulch in California, which was manufactured by different parties, who have been dismissed from this action.

## CONCLUSION

For the foregoing reasons, defendant Lowe's' motion to dismiss is granted in part and denied in part. Lowe's' motion is denied as to all counts except Count VII. Defendant Oldcastle's motion to dismiss is denied with the exception of its request to strike the allegation discussed above. Because the parties, and consequently the class definition described in the first amended complaint, have changed due to the stipulated dismissal of plaintiff McMillan and defendants Harvest and Gro-Well, plaintiff Joseph is directed to file a second amended complaint conforming to those dismissals and this opinion on or before June 3, 2015. Defendants are directed to file their answers on or before June 24, 2015. The parties are directed to prepare and file a Joint Status Report using this court's form on or before June 30, 2015. The status hearing previously set for May 28, 2015, is continued to July 14, 2015, at 9:15 a.m.

**ENTER:** May 14, 2015

      **Robert W. Gettleman**
      **United States District Judge**