**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMY JOSEPH**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 cv 3866 |
| **LOWE'S HOME CENTERS, LLC**, a North Carolina limited liability company, and **OLDCASTLE LAWN & GARDEN, INC.**, a Delaware corporation, | ) ) ) ) ) | Judge Robert W. Gettleman |
| Defendants. | ) | Jury Trial Demanded |

## SECOND AMENDED NATIONWIDE CLASS ACTION COMPLAINT

Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Adam M. Tamburelli (IL #6292017)
*adam@attorneyzim.com*
Matthew C. De Re (IL #6317913)
*matt@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 Telephone
(312) 440-4180 Facsimile
www.attorneyzim.com

*Counsel for the Plaintiff and Putative Class*

NOW COMES Plaintiff Amy Joseph ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel, and complains of Defendants Lowe's Home Centers, LLC and Oldcastle Lawn & Garden, Inc. (collectively, "Defendants"), as follows:

## Nature of the Case

1.      Plaintiff brings this action individually and on behalf of the proposed classes, as more fully defined below (collectively, or individually or in various combinations as appropriate, referred to herein as the "Class"), of similarly situated consumers throughout the United States to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper advertising, sales, and marketing practices in which Defendants continue to engage regarding the quantity of mulch contained in each bag of mulch sold by Defendants.

2.      Defendants advertise, market, and sell various proprietary and third-party brands of mulch in many home improvement retail stores nationwide.

3.      Defendants represent that the various brands of mulch they sell come in bags that contain two (2) cubic feet of mulch.  However, these bags contain substantially and materially less than two (2) cubic feet of mulch.

4.      Plaintiff brings this action on behalf of herself and other similarly situated individuals, entities, and consumers throughout the United States to halt the dissemination of these false and misleading advertising messages, correct the false and misleading perception they have created in the minds of purchasers, and to obtain redress for those who have purchased Defendants' offending mulch products, as described herein.

## Jurisdiction and Venue

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).  The proposed Class involves more than 100 individuals.  A member of

the proposed Class is a citizen of a state different from at least one Defendant, and the amount of controversy, in the aggregate, exceeds the sum of $5,000,000 exclusive of interest and costs.

6.     Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district.

**The Parties**

7.     Plaintiff Amy Joseph ("Joseph") is, and at all times relevant to this action has been, a resident of Illinois and, thus, is a citizen of Illinois.

8.     Defendant Oldcastle Lawn & Garden, Inc. ("Oldcastle") is a Delaware corporation that has its principal place of business in Atlanta, Georgia. Oldcastle, therefore, is a citizen of Delaware and Georgia.

9.     Oldcastle manufactures, advertises, markets, and sells its own proprietary brands of mulch, including "Timberline Pine Bark Nuggets" ("Timberline Mulch") and "NoFloat Cyprus Mulch" ("NoFloat Mulch"), and brands of mulch that use the registered trademarks of third-party entities, including "Preen Mulch Plus" ("Preen Mulch") (Oldcastle's aforesaid mulch products are collectively referred to herein as "Oldcastle Mulch"), to tens of thousands of purchasers nationwide, including those in the State of Illinois.

10.     Additionally, Oldcastle manufactures, advertises, markets, and sells a private-label brand of mulch described herein as "Premium Mulch" ("Premium Mulch") exclusively to Defendant Lowe's Home Centers, LLC ("Lowe's") for retail sale to tens of thousands of purchasers nationwide, including in the State of Illinois.

11.     Lowe's is a North Carolina limited liability company that has its principal place of business in Wilkensboro, North Carolina. Lowe's, therefore, is a citizen of North Carolina. Lowe's does business as "Lowe's."

3

12.     Lowe's promotes, markets, and sells the Premium Mulch and Oldcastle Mulch products complained of herein in its home improvement retail stores to tens of thousands of purchasers nationwide, including those in the State of Illinois.

## Background and Factual Allegations

### *Premium Mulch*

13.     Premium Mulch is a private-label mulch product sold at retail exclusively by Lowe's.

14.     Lowe's contracts with Oldcastle relative to the manufacture, packaging, distribution, and sale of Premium Mulch in various States, including the State of Illinois.

15.     Oldcastle manufactures, packages, distributes, and sells Premium Mulch exclusively to Lowe's, pursuant to its contractual agreements with Lowe's, and Lowe's sells Premium Mulch as a private-label product in its home improvement retail stores nationwide, including those in the State of Illinois.

16.     In the State of Illinois, Lowe's sells Premium Mulch that is manufactured, packaged, and distributed by Oldcastle.

17.     Pursuant to its contractual agreement with Oldcastle, Lowe's directs, controls, and participates in Oldcastle's manufacturing and packaging of the Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch.

18.     At the direction and under the control of Lowe's, Oldcastle packages and sells Premium Mulch in plastic bags of uniform size and volume.

19.     Upon information and belief, at the direction and under the control of Lowe's, Oldcastle has implemented and utilizes a standard mechanized process for distributing a uniform

amount of mulch in each bag of Premium Mulch. Each bag of Premium Mulch contains a uniform amount of mulch.

20. At all relevant times, Lowe's knew the uniform amount of mulch distributed in each bag of Premium Mulch manufactured by Oldcastle.

21. At all relevant times, Oldcastle knew the uniform amount of mulch distributed in each bag of Premium Mulch that it manufactured for retail sale in Lowe's home improvement stores nationwide, including in the State of Illinois.

22. Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and, pursuant to its contractual agreement with Oldcastle, Lowe's directed Oldcastle to utilize said bag in packaging the Premium Mulch.

23. Lowe's was responsible for developing the textual and graphic content on the standard, uniform bag used to contain and sell Premium Mulch, including the representations on the bag regarding the amount of mulch in each bag of Premium Mulch, and Oldcastle was responsible for printing said content and representations on the bags of Premium Mulch.

24. Lowe's and Oldcastle were responsible for ensuring that the uniform amount of mulch distributed in each bag of Premium Mulch matched the representations on the bag regarding the amount of mulch in each bag of Premium Mulch.

25. On each bag of Premium Mulch, Lowe's and Oldcastle each represent that the bag contains two (2) cubic feet of mulch. Specifically, Lowe's, and Oldcastle each represent that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft."

26. Lowe's and Oldcastle's representations relating to Premium Mulch are intended to convey to prospective purchasers of Premium Mulch that the mulch will suffice to fully cover a specifically defined area. For example, on some bags of Premium Mulch, Lowe's and

Oldcastle each represent and warrant that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.

27.    Lowe's and Oldcastle's representation regarding the forty-eight (48) square foot coverage of four (4) bags of Premium Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Premium Mulch.

28.    If four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches, then one (1) bag of Premium Mulch will necessarily cover twelve (12) square feet at a depth of two (2) inches.

29.    The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

30.    If there is less than two (2) cubic feet of mulch in a bag of Premium Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches, and, accordingly, four (4) bags of Premium Mulch will not cover forty-eight (48) square feet at a depth of two (2) inches.

### *Oldcastle Mulch*

31.    Oldcastle has engaged in a nationwide advertising and marketing campaign relative to Oldcastle Mulch.

32.    Oldcastle directs and controls its own packaging, advertising, marking, and sales relative to Oldcastle Mulch, including directing and controlling the representations regarding Oldcastle Mulch on each bag of Oldcastle Mulch.

33.    Oldcastle packages and sells Oldcastle Mulch in plastic bags of uniform size and volume.

34.    Upon information and belief, Oldcastle has implemented and utilizes a standard mechanized process for distributing a uniform amount of mulch in each bag of Oldcastle Mulch.

Each bag of Oldcastle Mulch contains a uniform amount of mulch.

35.     Oldcastle was responsible for developing the textual and graphic content on the standard, uniform bags used to contain and sell Oldcastle Mulch, including the representations on the bags regarding the amount of mulch in each bag of Oldcastle Mulch, and Oldcastle was responsible for printing said content and representations on the bags of Oldcastle Mulch.

36.     On each bag of Oldcastle Mulch, Oldcastle represents that the bag contains two (2) cubic feet of mulch.  Specifically, Oldcastle represents that the "Net Contents" of each bag of Oldcastle Mulch are "2 Cu. Ft."

37.     Oldcastle's representations and advertisements relating to Oldcastle Mulch are intended to convey to prospective purchasers of Oldcastle Mulch that the mulch will suffice to fully cover a specifically defined area.  For example, on each bag of Preen Mulch and Timberline Mulch, Oldcastle represents and warrants that one (1) bag of Preen Mulch or Timberline Mulch will cover twelve (12) square feet at a depth of two (2) inches.

38.     Oldcastle's representation regarding the coverage of one (1) bag of Preen Mulch and Timberline Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Preen Mulch and Timberline Mulch.

39.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (*i.e.*, 12 square feet) and 2 inches in height equals two (2) cubic feet.

40.     If there is less than two (2) cubic feet of mulch in a bag of Preen Mulch or Timberline Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches.

### *Facts Relating to Plaintiff*

41.     Prior to purchasing her mulch, Plaintiff was repeatedly exposed to and saw each Defendant's advertisements and representations described herein regarding: (a) Defendants'

brands of mulch, including Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch; (b) the amount of mulch in bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch; and (c) the amount of square footage that Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch will cover at a depth of two (2) inches.

42.    On May 1, 2014, and May 4, 2014, Plaintiff visited a Lowe's retail store located in Naperville, Illinois.

43.    During each visit, and prior to making her purchases, Plaintiff was exposed to, saw, read, and understood Lowe's and Oldcastle's representations on their bags of Premium Mulch that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft.," and that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.

44.    During each visit, Plaintiff was exposed to, saw, read, and understood Oldcastle's representations on its bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch that the "Net Contents" of each bag of mulch are "2 Cu. Ft."

45.    On May 1, 2014, Plaintiff purchased bags of Premium Mulch from Lowe's that were manufactured and packaged by Oldcastle.  On May 4, 2014, Plaintiff purchased from Lowe's bags of Preen Mulch, Premium Mulch that was manufactured by Oldcastle, Timberline Mulch, and NoFloat Mulch from Lowe's.

46.    Plaintiff purchased the aforesaid mulch in reliance on Lowe's and Oldcastle's aforesaid promises, misrepresentations, and omissions contained on the packages of mulch.

47.    The bags of mulch purchased by Plaintiff did not contain two (2) cubic feet of mulch, and in fact, contained substantially and materially less than two (2) cubic feet of mulch.

48.    The bags of mulch purchased by Plaintiff contained approximately 1.50 cubic feet of mulch, or approximately 25% less than advertised.

49.     Plaintiff suffered injuries in fact and lost money as a result of Defendants' conduct described herein.

50.     Had Plaintiff known that the bags of mulch she purchased contained substantially and materially less than two (2) cubic feet of mulch, she would not have purchased the mulch, and/or would have paid substantially and materially less for the mulch.

51.     Prior to purchasing the Premium Mulch and Oldcastle Mulch, Plaintiff and any other prospective purchaser of these products would be unable to ascertain the amount of mulch in the bags.

52.     After Plaintiff purchased the bags of mulch from Lowe's, Plaintiff discovered that her bags of mulch did not contain two (2) cubic feet of mulch as advertised, and in fact, contained substantially and materially less mulch than two (2) cubic feet of mulch.

53.     Thereafter, Plaintiff's counsel retained a private investigator to further investigate the quantity of mulch contained in bags of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch.   The private investigator purchased multiple bags of Premium Mulch, Preen Mulch, Timberline Mulch, and NoFloat Mulch from three (3) Lowe's retail stores, and measured the amount of mulch contained in each bag.   This investigation revealed that each bag of Premium Mulch, Preen Mulch, Timberline Mulch and NoFloat Mulch contained substantially and materially less than two (2) cubic feet of mulch (*i.e.*, an average of approximately 1.5 cubic feet of mulch, or 25% less mulch than advertised in each bag).

54.     By "short packing" the bags of mulch, Defendants are able to (a) increase their profit margin per bag by selling a lesser amount of mulch than advertised, and (b) save money on the cost of freight, as they can put more bags of mulch on a truck if there is less mulch in the bag.

<u>**COUNT I**</u>
**(Fraudulent Misrepresentation – Against Oldcastle**
**Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch)**

55.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

*Class Allegations*

56.     Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

> All persons in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> <u>**Subclass A:**</u>  All persons in the United States who purchased one or more bags of Preen Mulch on or after May 27, 2004.

> <u>**Subclass B:**</u>  All persons in the United States who purchased one or more bags of Timberline Mulch on or after May 27, 2004.

> <u>**Subclass C:**</u>  All persons in the United States who purchased one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiff reserves the right to amend the Class definition as necessary.

57.     Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is

impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

58.     There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a.      whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

b.      whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

c.      whether Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

d.      whether Oldcastle misrepresented the amount of mulch contained in bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch, and the area that a bag of mulch will cover;

e.      whether Oldcastle's conduct as alleged herein constitutes fraudulent misrepresentation;

f.      whether Oldcastle acted fraudulently, wantonly, and/or maliciously in representing to Plaintiff and the Class that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch;

g.      whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

h.      whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

59.      Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiff does not have any interests antagonistic to those of the proposed Class.  Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation.  The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

60.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

61.      Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

62.      Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### *Substantive Allegations*

63.      Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to her by Oldcastle regarding the quantity of mulch contained in the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

64.     Oldcastle falsely and fraudulently represented to Plaintiff and the Class members that the Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and that one bag of mulch will cover twelve (12) square feet at depth of two (2) inches.

65.     When said representations were made, Oldcastle knew those representations to be false and it willfully, wantonly, and recklessly disregarded whether the representations were true.

66.     These representations were made by Oldcastle with the intent of defrauding and deceiving Plaintiff and the Class members.

67.     At the time these representations were made by Oldcastle, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

68.     In reliance upon said representations, Plaintiff and the Class members purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, thereby sustaining damage and injury.

69.     Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiff and the Class members damage and injury.

70.     As a direct and proximate result of the foregoing, the Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C.  Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D.  Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch; or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.  Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.  Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.  Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
### (Fraudulent Misrepresentation – Against Both Defendants Regarding Premium Mulch)

71.  Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

### *Class Allegations*

72.  Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclass:

> **Subclass A:** All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch, which was manufactured by Oldcastle, on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

73.    Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; and (2) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

74.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

> a.    whether Lowe's contracts with Oldcastle relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

b.      whether Lowe's directs, controls, and participates in Oldcastle's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

c.      whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d.      whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle to utilize said bag in packaging the Premium Mulch;

e.      whether Oldcastle distributed in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.      whether Lowe's and Oldcastle knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.      whether Lowe's and Oldcastle misrepresented the amount of mulch contained in bags of Premium Mulch, and the area that a bag of mulch will cover;

h.      whether Lowe's and Oldcastle's conduct as alleged herein constitutes fraudulent misrepresentation;

i.      whether Lowe's and Oldcastle acted fraudulently, wantonly, and/or maliciously in representing to Plaintiff and the Class that bags of Premium Mulch contained two (2) cubic feet of mulch;

j.      whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

k.      whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

75.      Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact

common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

76.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

77.     Unless a class is certified, Lowe's and Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Lowe's and Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

78.     Lowe's and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

79.     Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia for fraudulent misrepresentations made to them by Lowe's and Oldcastle regarding the quantity of mulch contained in the bags of Premium Mulch.

80.     Lowe's and Oldcastle falsely and fraudulently represented to Plaintiff and the Class members that (a) the Premium Mulch contained two (2) cubic feet of mulch, and (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches.

81.     When said representations were made, Lowe's and Oldcastle knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the

representations were true.

82.     These representations were made by Lowe's and Oldcastle with the intent of defrauding and deceiving Plaintiff and the Class members.

83.     At the time these representations were made by Lowe's and Oldcastle, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

84.     In reliance upon said representations, Plaintiff and the Class members purchased Premium Mulch, thereby sustaining damage and injury.

85.     Lowe's and Oldcastle knew or should have known that the bags of Premium Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiff and the Class members damage and injury.

86.     As a direct and proximate result of the foregoing, the Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

> A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;
>
> B.     Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;
>
> C.     Entering judgment in favor of Plaintiff and the Class and against Defendants Lowe's and Oldcastle;
>
> D.     Enjoining Defendants Lowe's and Oldcastle's illegal conduct and ordering Lowe's and Oldcastle to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's and Oldcastle will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a

uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E.     Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.     Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.     Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### (Unjust Enrichment – Against Oldcastle
### Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch)

87.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

### *Class Allegations*

88.     Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

All persons in the United States who purchased one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

**Subclass A:** All persons in the United States who purchased one or more bags of Preen Mulch on or after May 27, 2004.

**Subclass B:** All persons in the United States who purchased one or more bags of Timberline Mulch on or after May 27, 2004.

**Subclass C:** All persons in the United States who purchased one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

89.     Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

90.     There are questions of law and fact common to the Class, which predominate over any individual issues, including:

       a.      whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

       b.      whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

       c.      whether Oldcastle knew or should have known that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contain substantially less than two (2) cubic feet of mulch;

d.     whether Oldcastle accepted the benefit of the purchase price of Preen Mulch, Timberline Mulch, and NoFloat Mulch based on its misrepresentations and omissions regarding the quantity of Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiff and the Class members;

e.     whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

f.     whether Oldcastle's retention of the monies Plaintiff and the Class members paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience;

g.     whether equity and good conscience require that Oldcastle return the money with interest to the Plaintiff and the Class members; and

h.     whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

91.     Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

92.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

93.     Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the

proposed Class and the general public will continue to be misled.

94. Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

95. Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

96. As a direct and proximate result of Oldcastle's misconduct as set forth above, Oldcastle has been unjustly enriched.

97. Specifically, by its misconduct described herein, Oldcastle has accepted a benefit (*i.e.,* monies paid by Plaintiff and Class members for the purchase of Preen Mulch, Timberline Mulch, and NoFloat Mulch) to the detriment of Plaintiff and the Class members.

98. Oldcastle's retention of the monies paid for Preen Mulch, Timberline Mulch, and NoFloat Mulch violates the fundamental principles of justice, equity, and good conscience.

99. Oldcastle accepted the benefit based on its misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch to the Plaintiff and the Class members, and it would be inequitable for Oldcastle to retain the benefit of those monies, as it was paid the money under false pretenses.

100. Oldcastle has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that Oldcastle return the money with interest to the Plaintiff and the Class members.

101. As a direct and proximate result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D. Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E. Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F. Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## COUNT IV
### (Unjust Enrichment – Against Both Defendants Regarding Premium Mulch)

102. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

*Class Allegations*

103.    Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated purchasers of Premium Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

> All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclass:

> **Subclass A:**  All persons in the United States who purchased from Lowe's one or more bags of Premium Mulch, which was manufactured by Oldcastle, on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiff reserves the right to amend the Class definition as necessary.

104.    Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; and (2) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in

the United States with regard to packaged lawn and garden products, including mulch.

105.    There are questions of law and fact common to the Class, which predominate over

any individual issues, including:

a.    whether Lowe's contracts with Oldcastle relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

b.    whether Lowe's directs, controls, and participates in Oldcastle's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

c.    whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d.    whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle to utilize said bag in packaging the Premium Mulch;

e.    whether Oldcastle distributed in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.    whether Lowe's and Oldcastle knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.    whether Lowe's and Oldcastle accepted the benefit of the purchase price of Premium Mulch based on their misrepresentations and omissions regarding the quantity of Premium Mulch to the Plaintiff and the Class members;

h.    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

i.    whether Lowe's and Oldcastle's retention of the monies Plaintiff and the Class members paid for Premium Mulch violates the fundamental principles of justice, equity, and good conscience;

j.    whether equity and good conscience require that Lowe's and Oldcastle return the money with interest to the Plaintiff and the Class members; and

        k.      whether Plaintiff and the Class members are entitled to declaratory and injunctive relief.

106.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

107.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

108.    Unless a class is certified, Lowe's and Oldcastle will retain monies received as a result of their conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Lowe's and Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

109.    Lowe's and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

110.    Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia.

111.    As a direct and proximate result of Lowe's and Oldcastle's misconduct as set forth above, Lowe's and Oldcastle have been unjustly enriched.

112. Specifically, by their misconduct described herein, Lowe's and Oldcastle have accepted a benefit (*i.e.*, monies paid by Plaintiff and Class members for the purchase of Premium Mulch) to the detriment of Plaintiff and the Class members.

113. Lowe's and Oldcastle's retention of the monies paid for Premium Mulch violates the fundamental principles of justice, equity, and good conscience.

114. Lowe's and Oldcastle accepted the benefit based on their misrepresentations and omissions regarding Premium Mulch to the Plaintiff and the Class members, and it would be inequitable for Lowe's and Oldcastle to retain the benefit of those monies, as they were paid the money under false pretenses.

115. Lowe's and Oldcastle have obtained money to which they are not entitled, and interest on that money, and under these circumstances equity and good conscience require that Lowe's and Oldcastle return the money with interest to the Plaintiff and the Class members.

116. As a direct and proximate result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendants Lowe's and Oldcastle;

D. Enjoining Defendants Lowe's and Oldcastle's illegal conduct and ordering Lowe's and Oldcastle to either (i) institute procedures to ensure that each

bag of Premium Mulch sold by Lowe's and Oldcastle will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E.  Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.  Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.  Granting all such further and other relief as the Court deems just and appropriate.

## COUNT V
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act Against Oldcastle Regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch)

117.  Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

### *Class Allegations*

118.  Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Oldcastle Mulch, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

All persons in Illinois who purchased, for personal or household purposes, one or more bags of Preen Mulch, Timberline Mulch, and/or NoFloat Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

**Subclass A:**  All persons in Illinois who purchased, for personal or household purposes, one or more bags of Preen Mulch on or after May 27, 2004.

**Subclass B:**  All persons in Illinois who purchased, for personal or household purposes, one or more bags of Timberline Mulch on or after May 27, 2004.

**Subclass C:** All persons in Illinois who purchased, for personal or household purposes, one or more bags of NoFloat Mulch on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

119. Upon information and belief, the Class comprises thousands of consumers throughout Illinois, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch.

120. There are questions of law and fact common to the Class, which predominate over any individual issues, including:

        a.        whether Oldcastle has implemented and utilizes a standard mechanized process for distributing in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch;

        b.        whether Oldcastle distributes in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

<ol type="c" start="3">
<li>whether Oldcastle misrepresented that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained two (2) cubic feet of mulch, and the area that a bag of mulch will cover;</li>

<li>whether Oldcastle failed to disclose that bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained an amount of mulch that is substantially and materially less than two (2) cubic feet;</li>

<li>whether Oldcastle's misrepresentations and omissions regarding Preen Mulch, Timberline Mulch, and NoFloat Mulch are deceptive or misleading;</li>

<li>whether Oldcastle engaged in false, deceptive, and/or misleading advertising;</li>

<li>whether Oldcastle's conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;</li>

<li>whether Oldcastle's conduct as alleged herein violates public policy;</li>

<li>whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and</li>

<li>whether Plaintiff and Class members are entitled to declaratory and injunctive relief.</li>
</ol>

121. Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

122. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

123.     Unless a class is certified, Oldcastle will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Oldcastle will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

124.     Oldcastle has acted and refuses to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### Substantive Allegations

125.     Plaintiff brings this Count individually, and on behalf of all similarly situated residents in Illinois for violations by Oldcastle of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

126.     Oldcastle's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch, as set forth in herein, are deceptive and/or unfair acts or practices prohibited by the ICFA.

127.     Oldcastle intended to be deceptive and/or unfair to Plaintiff and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Oldcastle provided accurate information, Plaintiff and the Class members would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch.

128.     Oldcastle's practice of advertising and marketing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch—when in fact each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiff and the

Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the foregoing statutes.

129.    Oldcastle intended to be unfair to Plaintiff and the Class by unlawfully representing that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch contains two (2) cubic feet of mulch as described above.

130.    Oldcastle intended that Plaintiff and the Class rely on Oldcastle's misrepresentations regarding the amount of mulch contained in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch when purchasing the mulch.    Moreover, Oldcastle intended that Plaintiff and the Class rely on Oldcastle's failures to disclose to or notify Plaintiff and the Class that the bags of Preen Mulch, Timberline Mulch, and NoFloat Mulch contained substantially less than two (2) cubic feet of mulch.

131.    Plaintiff and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing Oldcastle's advertising and marketing of Preen Mulch, Timberline Mulch, and NoFloat Mulch.

132.    Had Plaintiff and the Class members known the truth, they would not have purchased Preen Mulch, Timberline Mulch, and NoFloat Mulch, and/or would have paid substantially and materially less money for it.

133.    The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiff and the Class.

134.    The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers.    Purchasers of Preen Mulch, Timberline Mulch, and NoFloat Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little

alternative or meaningful choice but to purchase Preen Mulch, Timberline Mulch, and NoFloat Mulch, and trust in Oldcastle's representations regarding the amount of mulch contained therein.

135.     As a direct and proximate result of the foregoing, the Plaintiff and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff and the Class and against Defendant Oldcastle;

D.     Enjoining Defendant Oldcastle's illegal conduct and ordering Oldcastle to either (i) institute procedures to ensure that each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch will contain two (2) cubic feet of mulch, and distribute in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Preen Mulch, Timberline Mulch, and NoFloat Mulch;

E.     Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.     Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.     Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VI
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act Against Both Defendants Regarding Premium Mulch)

136.   Plaintiff repeats and realleges the allegations of Paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

### *Class Allegations*

137.   Plaintiff brings this Count, both individually and as a class action on behalf of similarly situated consumer purchasers of Premium Mulch from Lowe's, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

> All persons in Illinois who purchased from Lowe's, for personal or household purposes, one or more bags of Premium Mulch on or after May 27, 2004.

Furthermore, the Class consists of the following subclasses:

> **Subclass A:**   All persons in Illinois who purchased from Lowe's, for personal or household purposes, one or more bags of Premium Mulch, which was manufactured by Oldcastle, on or after May 27, 2004.

Excluded from the proposed Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees.   Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiff reserves the right to amend the Class definition as necessary.

138.   Upon information and belief, the Class comprises thousands of consumers throughout Illinois, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the

fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; and (2) Oldcastle sells its Oldcastle Mulch in several major home improvement retailers nationwide, including Lowe's, and Oldcastle is a wholly owned subsidiary of Oldcastle, Inc., which operates in over 1,700 locations in fifty (50) States, and maintains a number two (2) market leadership position in the United States with regard to packaged lawn and garden products, including mulch..

139.    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a.    whether Lowe's contracts with Oldcastle relative to the manufacture, packaging, distribution, and sale of Premium Mulch;

b.    whether Lowe's directs, controls, and participates in Oldcastle's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of the mulch;

c.    whether Oldcastle has implemented and utilized a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d.    whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Oldcastle to utilize said bag in packaging the Premium Mulch;

e.    whether Oldcastle distributed in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.    whether Lowe's and Oldcastle knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.    whether Lowe's and Oldcastle misrepresented the amount of mulch contained in bags of Premium Mulch, and the area that a bag of mulch will cover;

h.    whether Lowe's and Oldcastle failed to disclose that bags of Premium Mulch contained an amount of mulch that is substantially and materially

less than two (2) cubic feet;

i.       whether Lowe's and Oldcastle's misrepresentations and omissions regarding Premium Mulch are deceptive or misleading;

j.       whether Lowe's and Oldcastle engaged in false, deceptive, and/or misleading advertising;

k.       whether Lowe's and Oldcastle conduct as alleged herein violates the ICFA;

l.       whether Lowe's and Oldcastle's conduct as alleged herein violates public policy;

m.      whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

n.       whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

140.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

141.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

142.    Unless a class is certified, Lowe's and Oldcastle will retain monies received as a result of their conduct that was wrongfully taken from Plaintiff and Class members. Unless an injunction is issued, Lowe's and Oldcastle will continue to commit the violations alleged, and the

members of the proposed Class and the general public will continue to be misled.

143.    Lowe's and Oldcastle have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

*Substantive Allegations*

144.    Plaintiff brings this Count individually, and on behalf of all similarly situated residents of Illinois for violations by Lowe's and Oldcastle of the ICFA.

145.    Lowe's and Oldcastle's foregoing misrepresentations and omissions regarding the amount of mulch contained in each bag of Premium Mulch, as set forth herein, are deceptive and/or unfair acts or practices prohibited by the consumer fraud statutes set forth above.

146.    Lowe's and Oldcastle intended to be deceptive and/or unfair to Plaintiff and the Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Lowe's and Oldcastle provided accurate information, Plaintiff and the Class members would not have purchased Premium Mulch.

147.    Lowe's and Oldcastle's practice of advertising and marketing that each bag of Premium Mulch contains two (2) cubic feet of mulch—when in fact each bag of Premium Mulch contains substantially and materially less than two (2) cubic feet of mulch—for the purpose of selling the mulch to Plaintiff and the Class, as alleged in detail *supra*, is an unfair act or practice prohibited by the ICFA.

148.    Lowe's and Oldcastle intended to be unfair to Plaintiff and the Class by unlawfully representing that each bag of Premium Mulch contains two (2) cubic feet of mulch as described above.

149. Lowe's and Oldcastle intended that Plaintiff and the Class rely on Lowe's and Oldcastle's misrepresentations regarding the amount of mulch contained in each bag of Premium Mulch when purchasing the mulch. Moreover, Lowe's and Oldcastle intended that Plaintiff and the Class rely on Lowe's and Oldcastle's failure to disclose to or notify Plaintiff and the Class that the bags of Premium Mulch contained substantially less than two (2) cubic feet of mulch.

150. Plaintiff and Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the mulch after seeing Lowe's and Oldcastle's advertising and marketing of Premium Mulch.

151. Had Plaintiff and the Class members known the truth, they would not have purchased Premium Mulch, and/or would have paid substantially and materially less money for it.

152. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the mulch to Plaintiff and the Class.

153. The above-described deceptive and unfair acts offend public policy; are immoral, unethical, oppressive, and unscrupulous; and cause substantial injury to consumers. Purchasers of Premium Mulch are unaware and are unable to ascertain that they are not, in fact, receiving two (2) cubic feet of mulch, as represented, and have little alternative or meaningful choice but to purchase Premium Mulch, and trust in Lowe's and Oldcastle's representations regarding the amount of mulch contained therein.

154. As a direct and proximate result of the foregoing, the Plaintiff and Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff and the Class and against Defendants Lowe's and Oldcastle;

D.     Enjoining Defendants Lowe's and Oldcastle's illegal conduct and ordering Lowe's and Oldcastle to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's and Oldcastle will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's and Oldcastle's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch;

E.     Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

F.     Awarding Plaintiff and the Class their actual damages, treble damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.     Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Plaintiff AMY JOSEPH, individually, and on behalf of all others similarly situated,

By:     s/ Thomas A. Zimmerman, Jr.
        Thomas A. Zimmerman, Jr. (IL #6231944)
        *tom@attorneyzim.com*
        Adam M. Tamburelli (IL #6292017)
        *adam@attorneyzim.com*
        Matthew C. De Re (IL #6317913)
        *matt@attorneyzim.com*
        ZIMMERMAN LAW OFFICES, P.C.
        77 West Washington Street, Suite 1220
        Chicago, Illinois 60602
        (312) 440-0020 Telephone
        (312) 440-4180 Facsimile
        www.attorneyzim.com

Counsel for the Plaintiff and Putative Class